RUBY PARKER, T/A THE GREEN DOOR HEALTH CLUB v. WADE
    STEWART, SHERIFF OF HARNETT COUNTY, AND BOARD OF
    COUNTY COMMISSIONERS OF HARNETT COUNTY, JACK
    BROCK, COUNTY MANAGER

No. 7611SC134

(Filed 16 June 1976)

Obscenity; Constitutional Law § 12— massage parlor ordinance — revoca-
    tion of license by sheriff — unconstitutionality

    Provisions of a "Massage Parlor" ordinance which permit the
    sheriff to revoke licenses after conducting hearings on alleged viola-
    tions of the ordinance do not afford the licensee the opportunity to
    be heard or defend in a regular proceeding before a competent tri-
    bunal in violation of Article I, § 19 of the N. C. Constitution; further-
    more, the whole ordinance must be declared invalid since it is clear
    that the ordinance would not have been enacted without the revoca-
    tion provisions.

APPEAL by defendants from *Brewer, Judge.* Judgment en-
tered 27 October 1975 in Superior Court, HARNETT County.
Heard in the Court of Appeals 25 May 1976.

On 4 August 1975, the Board of County Commissioners
of Harnett County adopted an "ordinance Regulating the Busi-
ness of Massage and Massage Parlors." Plaintiff is the operator
of a "Massage Parlor" within the meaning of the ordinance.

Plaintiff brought this action to restrain enforcement of the
ordinance. It was agreed that the judge should decide the case
without a jury. Judge Brewer held that the ordinance was un-
constitutional and enjoined defendants from enforcing the ordi-
nance or any part thereof. Defendants appealed.

*Neill McK. Ross, for plaintiff appellee.*

*Woodall & McCormick, by Edward H. McCormick, for de-
fendant appellants.*

VAUGHN, Judge.

Although defendants bring forward several arguments, they
primarily contend that Judge Brewer erred when he concluded
that Section 10 of the ordinance is invalid because it violates
Article 1, Section 19 of the North Carolina Constitution. That
section of the Constitution provides that no person may be de-
prived of his property except by the law of the land or ex-

pressed another way, except by due process of law. A license to engage in an occupation is a property right. The government may not revoke an occupational license except by due process of law. Among other things "the law of the land" or "due process of law" imports both notice and the opportunity to be heard before a competent tribunal.

Section 10, the revocation section, of the ordinance is as follows:

> "10. *Revocation.* (a) The Sheriff shall revoke the license of any licensee who has violated this ordinance.
>
> (b) Such revocation may be made only after written notice of the grounds for revocation has been given to the licensee and he has had an opportunity to answer the charges."

The office of the Sheriff is a constitutional office. The Sheriff is the chief law enforcement officer of the county and his duties are generally prescribed by the General Statutes of the State. In the ordinance before us, the County Commissioners have attempted to commission the Sheriff as a special tribunal to conduct hearings on alleged violations of the ordinance. Without further comment on the authority of the Commissioners, we simply hold that the provisions for revocation of licenses after a hearing before the Sheriff do not afford the constitutionally required "opportunity to be heard or defend in a regular proceeding before a competent tribunal." *Smith v. Keator,* 285 N.C. 530, 535, 206 S.E. 2d 203. We hold that the trial judge correctly concluded that the clause violated the Constitution of the State of North Carolina in that it would allow licenses to be revoked without due process of law and contrary to the law of the land.

The record on appeal includes an affidavit from a deputy sheriff wherein he states that, as a matter of departmental policy, the Sheriff will revoke only the licenses of those who have been *convicted* of violating the ordinance and whose time for appeal has lapsed. This, however, is not what the ordinance provides and is not the position advanced by defendants on this appeal. They argue that the Sheriff can "constitutionally conduct the required due process hearing" and argue that it is common practice to consolidate "licensing, investigative and revocation authority in one unit or official who may acquire sufficient familiarity with the area to effectively regulate it."

Defendants also argue that even if Section 10 of the ordinance is unconstitutional, the court erred in striking down the entire ordinance. The trial judge based his conclusion on the absence of a severability clause. The trial judge did not pass on whether the standards for issuance and revocation of the permit were definite, adequate and reasonable. Although those questions, therefore, are not before us, it appears that the ordinance is sufficient to pass constitutional muster in those respects. We hold, nevertheless, that the court did not err in its judgment. We do not rely entirely on the absence of a severability clause.

> "Where a part of a statute is invalid, the remainder, if valid, will be enforced, provided it is complete in itself and capable of being executed in accordance with the apparent legislative intent; but if the void clause cannot be rejected without causing the statute to enact what the Legislature did not intend, the whole of it must fall. . . . 'Even in a case where legal provisions may be severed in order to save, the rule applies only when it is plain that the Legislature would have enacted the legislation with the unconstitutional provisions eliminated.' " *Commissioners v. Boring,* 175 N.C. 105, 95 S.E. 43.

We do not believe the defendant Board of Commissioners would have enacted the licensing ordinance with the revocation provisions eliminated.

The judgment from which defendants appealed is affirmed.

Affirmed.

Judges MARTIN and CLARK concur.