MARY TAY v. DAVID T. FLAHERTY

No. 8718SC951

(Filed 31 May 1988)

**Social Security and Public Welfare § 1— food stamps—child going off to college—demand for verification of child's status and income premature**

A county's demand for verification by 11 August 1986 of plaintiff's daughter's student status and income was not authorized by 7 C.F.R. § 273.2(f)(8)(ii) as verification of a change reported during a certification period, since the daughter did not leave home until 14 August 1986, and plaintiff was under no duty to report the change until that date; therefore the county acted improperly in terminating food stamp benefits to plaintiff's entire household when plaintiff did not supply the requested information by the given deadline.

APPEAL by plaintiff from *Seay, Judge.* Order entered 17 August 1987 in Superior Court, GUILFORD County. Heard in the Court of Appeals 2 March 1988.

Plaintiff, pursuant to N.C.G.S. § 150B-43, sought review in superior court from a final decision of the North Carolina Department of Human Resources Division of Social Services. From the order of superior court affirming the decision of the Department of Human Resources, plaintiff now appeals.

The record in the case contained the following evidence.

Plaintiff Mary Slade Tay and her four children constituted a household receiving food stamp benefits from the Guilford County Department of Social Services prior to May 1986. As routinely required, plaintiff's household was recertified on 15 May 1986. During recertification, plaintiff told her social worker, Ms. Leslie S. Hardie, that her daughter Dawn Tay, a member of her household, *might* be attending college in the fall of 1986.

In response to plaintiff's statement, Ms. Hardie flagged the case file for future investigation in August 1986. On 1 August 1986, Ms. Hardie mailed plaintiff a letter requesting information as to: (1) Dawn Tay's student status; (2) whether Dawn was receiving any grants, loans or scholarships; and (3) the tuition costs for Dawn's college attendance.

This information, the letter said, was necessary for determining if Dawn, as a member of plaintiff's household, would continue

to be eligible for food stamps. The letter further said: "Failure to provide the needed verification or to contact us by 8/11/86 will be considered a refusal to cooperate and we may take action to close your case."

After receiving the letter, plaintiff was unable to reach Ms. Hardie until after the 11 August deadline. When Ms. Hardie did not receive the requested information by 11 August, she sent plaintiff a notice on 12 August, terminating food stamp benefits to plaintiff's entire household.

Several days after 12 August plaintiff succeeded in contacting Ms. Hardie regarding the 1 August letter. At the time of this conversation, unbeknownst to Ms. Hardie, plaintiff had not received the 12 August notice terminating her food stamp benefits.

In the conversation, plaintiff told Ms. Hardie that she had been unable to supply the requested information during the ten day period because her daughter Dawn had taken all the documentation with her on a two week vacation in Maryland, beginning 1 August and ending 14 August. Plaintiff further explained that Dawn was going to attend college and, therefore, would not be living at home.

Ms. Hardie, assuming plaintiff was aware her benefits were terminated, told plaintiff that if she brought verification of Dawn's student status and reapplied for food stamps before the end of August, she would not lose her food stamp benefits for the month of September 1986.

Plaintiff never received the 12 August notice terminating her food stamp benefits. She mailed verification of Dawn's student status to Ms. Hardie's office on 26 August, but she did not reapply for food stamps during August.

On 10 September 1986, plaintiff contacted Ms. Hardie upon learning she would not receive food stamps for September. When informed the termination was irrevocable for that month, plaintiff appealed the Guilford County Department of Social Services' decision to State Hearing Officer J. McRay Harward. Mr. Harward affirmed Guilford County's termination of plaintiff's food stamp benefits, and his decision became final ten days later when plaintiff failed to appeal it to the Chief Hearing Officer of the Department of Human Resources.

Plaintiff, pursuant to N.C.G.S. § 150B-43, appealed the administrative decision to superior court, which reaffirmed the decision of the State hearing officer.

From the superior court order, plaintiff appeals.

*Central Carolina Legal Services, Inc., by Stanley B. Sprague, attorney for plaintiff-appellant.*

*Attorney General Lacy H. Thornburg, by Associate Attorney General Joe L. Webster, for defendant-appellee (Secretary of the North Carolina Department of Human Resources).*

ORR, Judge.

When an appellate court is reviewing the decision of another court — as opposed to the decision of an administrative agency — the scope of review to be applied by the appellate court under G.S. § 150A-52 is the same as it is for other civil cases. That is, we must determine whether the trial court committed any errors of law. *See* N.C. Gen. Stat. § 7A-27(b) (1981) and Rule 10(a) of the North Carolina Rules of Appellate Procedure.

*American Nat'l Ins. Co. v. Ingram,* 63 N.C. App. 38, 41, 303 S.E. 2d 649, *cert. denied,* 309 N.C. 819, 310 S.E. 2d 348 (1983).

The trial court, when reviewing the Department of Human Resources' decision, was governed by the standard of review set out in N.C.G.S. § 150B-51(b):

[T]he court reviewing a final decision may affirm the decision of the agency or remand the case for further proceedings. It may also reverse or modify the agency's decision if the substantial rights of the petitioners may have been prejudiced because the agency's findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional provisions;

(2) In excess of the statutory authority or jurisdiction of the agency;

(3) Made upon unlawful procedure;

(4) Affected by other error of law;

(5) Unsupported by substantial evidence admissible under G.S. 150B-29(a), 150B-30, or 150B-31 in view of the entire record as submitted; or

(6) Arbitrary or capricious.

On appeal, plaintiff contends the procedures used by the Guilford County Department of Social Services violated N.C.G.S. § 150B-51(b)(3) by allowing the county to improperly require verification of Dawn Tay's student status and income. We agree.

Federal regulations govern verification of information concerning a food stamp recipient by a state agency.

In the present case, since plaintiff is not an initial food stamp applicant, the applicable regulation is 7 C.F.R. § 273.2(f)(8). This regulation allows verification of information after initial certification in two situations.

First, 7 C.F.R. § 273.2(f)(8)(i) authorizes the verification of certain mandatory factors and all questionable information, when a recipient's food stamp benefits are recertified.

Second, 7 C.F.R. § 273.2(f)(8)(ii) permits verification of any changes in a food stamp household reported during a certification period. These are the only two instances when the federal regulations provide for the verification of information supplied by an established food stamp recipient.

Based on 7 C.F.R. § 273.2(f)(8)(i) and (ii) and the facts in this case, we find no basis for verification of any factor affecting the food stamp benefits of plaintiff's household at the time this incident took place.

Plaintiff's statement that her daughter Dawn might attend college in the fall of 1986 merely notified Guilford County of a *potential* change in the household at a *future* date. Furthermore, this statement, when made to social worker Hardie in May 1986 during recertification, was insufficient to prevent plaintiff's household from being recertified as eligible for food stamps. Thus, the checking of Dawn Tay's student status and income in August 1986 was not authorized under 7 C.F.R. § 273.2(f)(8)(i), as verification of questionable information for the purpose of recertification.

As the record further discloses, Dawn Tay did not leave the plaintiff's household until 14 August 1986, three days after the expiration of Guilford County's 11 August deadline for verification. Consequently, at the expiration of the deadline no change in plaintiff's household had occurred to be verified. Nor had plaintiff's duty to report the change arisen prior to 11 August 1986.

7 C.F.R. §§ 273.12(a)(1)(ii) and (2) govern the reporting of changes in a household during a certification period. These subsections require the household to report a change within ten days after the change becomes known.

Although Dawn Tay planned to attend college, her actual departure from the household could not be "known" until it, in fact, had taken place. Thus, plaintiff's duty to report the change, pursuant to 7 C.F.R. § 273.12, did not arise until 14 August 1986.

Accordingly, we conclude Guilford County's demand for verification by 11 August 1986 was not authorized by 7 C.F.R. § 273.2(f)(8)(ii), as verification of a change reported during a certification period.

Consequently, the verification procedure as used in this particular case by Guilford County is unsupported by the federal regulations, and, therefore, is in violation of N.C.G.S. § 150B-51(b)(3).

This Court acknowledges the importance of agency monitoring of the food stamp program. However, it is difficult to comprehend its application in this case. Here a food stamp recipient has a daughter planning to attend college—a commendable endeavor. Moreover, the food stamp recipient voluntarily and in advance of any actual change informed Social Services that her daughter *might* be leaving home to attend college. An honest effort to inform Social Services of potential changes should be encouraged. Instead, plaintiff's willingness to inform Social Services in advance and her subsequent failure to confirm the information to Social Services quickly enough, resulted in her entire family being terminated from the program under a flawed procedural requirement. Such a result is clearly unacceptable.

For the reasons discussed above, we reverse the judgment of the superior court with directions for that court to reverse the

judgment of the Department of Human Resources Division of Social Services.

In light of our present decision, we decline to address plaintiff's remaining assignments of error.

Reversed.

Chief Judge HEDRICK and Judge JOHNSON concur.