N.C. PRESS ASSOC., INC. v. SPANGLER

[94 N.C. App. 694 (1989)]

THE NORTH CAROLINA PRESS ASSOCIATION, INC., AND THE NEWS AND OBSERVER PUBLISHING COMPANY, D/B/A THE NEWS AND OBSERVER AND THE RALEIGH TIMES, PETITIONERS v. C. D. SPANGLER, JR., PRESIDENT OF THE UNIVERSITY OF NORTH CAROLINA AND ARTHUR PADILLA, ASSOCIATE VICE PRESIDENT FOR ACADEMIC AFFAIRS OF THE UNIVERSITY OF NORTH CAROLINA, RESPONDENTS

No. 8810SC1004

(Filed 18 July 1989)

1. **Attorneys at Law § 7.5— award of attorney's fees to prevailing party—stay of trial court order pending appeal—prevailing party status unaffected**

   Where petitioners sought to compel the disclosure of written reports containing recommendations about intercollegiate athletics prepared by the chancellors of the various UNC campuses in response to the president's request, and petitioners obtained an order from the trial court directing respondents to release the records for inspection, examination, and copying, petitioners were the prevailing party in their action within the meaning of N.C.G.S. § 6-19.2, and that fact was not altered by respondents obtaining a stay of the trial court's order pending appeal. Furthermore, even if the documents were released as a consequence of a decision made prior to the lawsuit and not as a consequence of the lawsuit itself, petitioners' prevailing party status was not affected.

2. **Attorneys at Law § 7.5— action to compel disclosure of documents—award of attorney's fees—substantial justification for withholding documents—bad faith not standard**

   Bad faith is not the standard to be used by the trial court in determining whether the withholding of public records was without substantial justification within the meaning of N.C.G.S. § 6-19.2.

3. **Attorneys at Law § 7.5— action to compel disclosure of documents—failure to show substantial justification for withholding document—award of attorney's fees**

   Respondents failed to show substantial justification for withholding reports containing recommendations about intercollegiate athletics prepared by the chancellors of the various UNC campuses on the basis that there should be an exception to the Public Records Act for preliminary, interoffice communi-

N.C. PRESS ASSOC., INC. v. SPANGLER

[94 N.C. App. 694 (1989)]

cations and, if there was such an exception, these documents would be covered by it.

4. **Attorneys at Law § 7.5— action to compel disclosure of documents—no special circumstances making award of attorney's fees unjust**

There was no merit to respondents' argument that the trial court erred in finding that there were no "special circumstances" to make an award of attorney's fees unjust where respondents asserted that the special circumstances here were that "it was apparent to all involved here that these documents would be disclosed in a matter of days" and "[t]he lawsuit was not necessary to compel the disclosure of the reports," but the fact that a governmental agency chooses to chart its own course regarding the timing of the requested release of public documents does not make an award of attorney's fees against it "unjust," and the Public Records Act does not give a governmental agency the discretionary authority to decline to comply with an order for release of records to the public until a time when the agency has determined that release would be prudent or timely.

APPEAL by respondents from *Bailey, Judge.* Order entered 10 August 1988 in Superior Court, WAKE County. Heard in the Court of Appeals 12 April 1989.

This appeal involves an award of attorney's fees under G.S. 6-19.2. Petitioners sought to compel the disclosure of written reports containing recommendations about intercollegiate athletics prepared by the chancellors of the various University of North Carolina campuses. These reports had been requested by respondent, president of the university. The trial court ordered respondents to disclose the reports under Chapter 132 of the General Statutes, "Public Records." Respondents appealed, petitioned for a writ of supersedeas and a stay of the trial court's order. This court granted the stay. Thereafter, during the pendency of the stay, the university disclosed the reports but continued to pursue their original appeal. Our court found the action was moot and dismissed respondents' appeal. *See North Carolina Press Ass'n v. Spangler*, 87 N.C. App. 169, 360 S.E. 2d 138 (1987). Petitioners then filed a motion for attorney's fees under G.S. 6-19.2 which the trial court granted. Respondents appeal.

N.C. PRESS ASSOC., INC. v. SPANGLER

[94 N.C. App. 694 (1989)]

*Attorney General Thornburg, by Chief Deputy Attorney General Andrew A. Vanore, Jr., Special Deputy Attorney General Edwin M. Speas, Jr. and Assistant Attorney General Laura E. Crumpler, for the respondent-appellants.*

*Tharrington, Smith and Hargrove, by Wade H. Hargrove and Randall M. Roden, for petitioner-appellees.*

EAGLES, Judge.

Respondents bring forward five assignments of error that question three findings of the trial court. Respondents contend that the court erred in finding petitioners were the prevailing party in the action to compel disclosure of the reports, in finding no special circumstances which would make the award of fees unjust, and in finding that the records were withheld without substantial justification. We disagree with respondents' argument and affirm the award.

G.S. 6-19.2 provides that

[i]n any civil action in which a party successfully compels the disclosure of public records pursuant to G.S. 132-9 . . ., the court may, in its discretion, allow the prevailing party to recover reasonable attorney's fees to be taxed as court costs against the appropriate agency if:

(1) The court finds that the agency acted without substantial justification in denying access to the public records; and

(2) The court finds that there are no special circumstances that would make the award of attorney's fees unjust.
    . . .

As the plain language of the statute states, an award of attorney's fees under G.S. 6-19.2 is in the trial court's discretion if the court finds the agency acted without substantial justification and there are no special circumstances which make an award unjust.

[1] Respondents assert in their brief that petitioners are not a "prevailing party" because petitioners have not shown that their action "successfully compelled, or was the catalyst for, the ultimate disclosure by Respondents of these disputed documents." Respondents cite several federal cases for the proposition that petitioners have the burden of showing that their lawsuit caused

the agency to release the documents. Respondents argue that at all times they planned to release the documents but their release was going to be after President Spangler had the opportunity to "absorb and consider their contents." Respondents claim the documents were released as a consequence of a decision made prior to the lawsuit, not as a consequence of the lawsuit. Therefore, respondents argue, petitioners cannot be a prevailing party. The cases that respondents cite interpret the Federal Freedom of Information Act which contains language substantially different from our Public Records Act. The cases are not persuasive here.

To strike the trial court's award of attorney's fees simply because respondents claim the records were released pursuant to a decision made prior to suit would condone and reward their withholding of requested public records. Which party has prevailed is determined by an examination of the trial court's order. The fact that the respondent, after entry of the order, elects to make the disclosure ordered does not affect the issue of who prevailed in the proceeding to compel disclosure. To rule otherwise would defeat the purpose and spirit of the Public Records Act, and more specifically G.S. 6-19.2. Here petitioners obtained an Order from the trial court directing respondents to release the records for inspection, examination and copying. That respondents were able to obtain a stay of the trial court's order pending appeal does not alter the fact that petitioners were the prevailing party in their action.

[2] Respondents' second argument is that the trial court erred in finding that the withholding of the documents in question was without substantial justification. Respondents assert that the withholding of the documents was in good faith because they are "preliminary working papers" and "intergovernmental communications" that should be an exception to the Public Records Act. Respondents contend that in order for a refusal to disclose documents to be without substantial justification, the refusal must have been made in bad faith, frivolously or without any reasonable or colorable basis in law. Respondents assert there is no evidence that their actions were in bad faith and therefore no basis for finding that they acted without substantial justification. We disagree and do not accept respondents' contention that bad faith is the standard to be used by the trial court in determining whether the withholding of public records was without substantial justification.

The phrase, "without substantial justification," as it is used in G.S. 6-19.2 has not been judicially defined in North Carolina. We note that the General Assembly has used the phrase "substantially justified" in G.S. 1A-1, Rule 37(d) when providing for attorney's fees for failure to comply with discovery requests. Our court has interpreted Rule 37(d) as requiring the non-complying party to carry the burden of showing justification for non-compliance. *Hayes v. Browne*, 76 N.C. App. 98, 101, 331 S.E. 2d 763, 764-65 (1985), *cert denied*, 315 N.C. 587, 341 S.E. 2d 25 (1986). Likewise, respondents here have the burden of showing justification for nondisclosure.

[3] In this case one justification given by respondents for nondisclosure was a fear that, if the information was revealed "prematurely, the contextual relevance of such component materials frequently would not be apparent or could not be ascertained." This argument has no merit. Another basis urged for refusing to release the reports was that there should be an exception to the Public Records Act for preliminary, interoffice communications and if there were such an exception, these documents would be covered by it. Respondents assert that this was a good faith argument for a reasonable judicial extension of existing law and therefore the withholding of the documents was substantially justified. We agree that assertions of their good faith and arguments urging reasonable extensions of existing law are factors to be considered by the trial court in reaching its decision on the issue of substantial justification. Here respondents' arguments were presented to the trial court. On this record we cannot say that the trial court abused its discretion in finding that the respondents acted without substantial justification.

[4] Respondents' final argument is that the trial court erred in finding that there were no "special circumstances" to make an award of attorney's fees unjust. Respondents assert that the special circumstances here are that "it was apparent to all involved here that these documents would be disclosed in a matter of days" and "[t]he lawsuit was not necessary to compel the disclosure of the reports." Respondents' arguments are without merit. The fact that a governmental agency chooses to chart its own course regarding the timing of the requested release of public documents does not make an award of attorney's fees against it "unjust." Additionally, the Public Records Act does not give a governmental agency the discretionary authority to decline to comply with an order

for release of records to the public until a time when the agency has determined that release would be prudent or timely. That authority would fly in the face of the Public Records Act and effectively nullify the attorney's fees provision in G.S. 6-19.2.

For the reasons stated, the order awarding attorney's fees under G.S. 6-19.2 is affirmed.

Affirmed.

Chief Judge HEDRICK and Judge WELLS concur.