MARY TAY, PETITIONER-APPELLEE v. DAVID T. FLAHERTY, RESPONDENT-APPELLANT

No. 8918SC491

(Filed 7 August 1990)

1. **Social Security and Public Welfare § 1 (NCI3d); Attorneys at Law § 64 (NCI4th) — wrongful termination of food stamps — right to attorney's fees**

    Where the Court of Appeals previously determined that respondent wrongfully terminated petitioner's food stamps, and petitioner filed for attorney's fees, the trial judge made adequate findings to show that he considered the factors required by N.C.G.S. § 6-19.1, including whether respondent acted without substantial justification in pressing its claim against petitioner, and N.C.G.S. § 1A-1, Rule 52(a)(1) requiring specific findings of fact was inapplicable, since the hearing on the petition for attorney's fees was not an "action" tried without a jury but was instead a motion pursuant to N.C.G.S. § 1A-1, Rule 7(b)(1).

    **Am Jur 2d, Welfare Laws §§ 27, 107.**

2. **Social Security and Public Welfare § 1 (NCI3d) — wrongful termination of food stamps — sufficiency of evidence**

    Evidence was sufficient to support the trial court's determination that respondent acted without "substantial justification" in terminating petitioner's food stamps within the meaning of N.C.G.S. § 6-19.1 where the evidence showed that DSS knew that under federal regulations it could not terminate petitioner's benefits unless she definitely refused to cooperate and that it could not terminate the benefits merely because she failed to cooperate; immediately after petitioner's benefits were cancelled, counsel for petitioner informed DSS, and thus

respondent, that DSS lacked any basis for seeking verification information as to the number of persons in petitioner's household in the first instance; and the trial court also knew that the Court of Appeals had ruled that DSS had no basis for seeking the verification information and therefore no proper basis for determining that petitioner refused to cooperate and for terminating petitioner's benefits.

**Am Jur 2d, Welfare Laws § 108.**

3. **Attorneys at Law § 64 (NCI4th)— final agency decision contested — award of attorney's fees proper**

The trial court did not abuse its discretion in awarding attorney's fees to petitioner who contested a final agency decision terminating her food stamps.

**Am Jur 2d, Welfare Laws §§ 27, 107.**

APPEAL by respondent from order entered 12 January 1989 by *Judge Russell Walker, Jr.* in GUILFORD County Superior Court. Heard in the Court of Appeals 16 November 1989.

*Central Carolina Legal Services, Inc., by Sorien K. Schmidt and Stanley B. Sprague, for petitioner-appellee.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Elizabeth G. McCrodden, for respondent-appellant (Secretary of the North Carolina Department of Human Resources).*

PARKER, Judge.

This is an appeal from the trial court's order granting attorney's fees to petitioner pursuant to G.S. 6-19.1. In May 1986 petitioner, who had been receiving food stamp benefits for herself and her four children from the Guilford County Department of Social Services (herein "DSS"), was recertified to receive food stamps from May through October 1986. During the recertification process petitioner mentioned to her caseworker that one of her daughters might be attending college in the fall of 1986. In response to this statement petitioner's file was marked for future investigation. On 1 August 1986, the caseworker sent petitioner a letter requesting that petitioner provide information as to her daughter's student status, including information on tuition costs and information on grants, loans or scholarships which her daughter was receiving. The letter also stated that "Failure to provide the needed verifica-

tion or to contact us by 8/11/86 will be considered a refusal to cooperate and we may take action to close your case." Petitioner called DSS but was unable to reach her caseworker before the 11 August deadline.

On 12 August the caseworker sent plaintiff a letter notifying her that the food stamp benefits for her household had been terminated. Several days later petitioner succeeded in contacting the caseworker and petitioner told the caseworker that her daughter would be living on campus. Assuming that petitioner knew her food stamps had been terminated, the caseworker told petitioner that if she brought verification of her daughter's student status and reapplied for food stamps before the end of August she would not lose her benefits for September 1986. Petitioner never received the 12 August letter and, hence, did not know her benefits had been terminated. Petitioner sent verification of her daughter's student status by mail to her caseworker, but did not reapply for food stamps in August. Petitioner did not receive food stamps in September 1986.

After learning that her food stamps had been terminated, petitioner appealed to the Department of Human Resources pursuant to G.S. 108A-79. A hearing was held pursuant to Article 3, Chapter 150B of the General Statutes of North Carolina and on 10 November 1986 the hearing officer proposed to affirm the termination of petitioner's food stamps. The proposed decision became a final agency decision ten days later. On 11 December 1986 petitioner sought judicial review of the final agency decision pursuant to G.S. 150B-43. The Superior Court, with the Honorable Thomas W. Seay, Jr. presiding, affirmed the agency decision. Petitioner appealed to this Court. This Court reversed the Superior Court and held that DSS wrongfully terminated petitioner's food stamps. *Tay v. Flaherty*, 90 N.C. App. 346, 368 S.E.2d 403, *disc. rev. denied*, 323 N.C. 370, 373 S.E.2d 556 (1988). Petitioner filed for attorney's fees. After a hearing in Guilford County Superior Court, the Honorable Russell Walker, Jr. ordered respondent to pay petitioner $2,225.00 in attorney's fees.

Respondent brings forward three assignments of error on appeal. First, respondent contends that the trial court erred in finding as fact that respondent acted without substantial justification in pressing its claim against petitioner. Second, respondent asserts that the trial court erred in concluding as a matter of law that

respondent acted without substantial justification in denying petitioner's food stamps. Finally, respondent argues that the trial court erred in awarding attorney's fees to petitioner.

[1] Pursuant to his first assignment of error, respondent makes two arguments. First, respondent argues that the trial court's finding that respondent acted without substantial justification was not a proper finding of fact, but should have been denominated a conclusion of law. Second, respondent asserts that the trial court erred because it failed to make proper specific findings of fact as required by Rule 52(a)(1) of the N.C. Rules of Civil Procedure to support its determination that the agency lacked substantial justification. In his brief respondent contends that "[w]hat was necessary in order to provide a proper order was recapitulation of the facts, laws and regulations surrounding the respondent's action in terminating petitioner's food stamps and, based upon that recapitulation, serving as findings of fact, a conclusion about whether respondent's action was substantially justified."

General Statute 6-19.1 provides the following:

> In any civil action, other than an adjudication for the purpose of establishing or fixing a rate, or a disciplinary action by a licensing board, brought by the State or brought by a party who is contesting State action pursuant to G.S. 150A-43 or any other appropriate provisions of law, unless the prevailing party is the State, *the court may, in its discretion, allow the prevailing party to recover reasonable attorney's fees to be taxed as court costs against the appropriate agency if*:
>
> (1) *The court finds that the agency acted without substantial justification in pressing its claim against the party; and*
>
> (2) *The court finds that there are no special circumstances that would make the award of attorney's fees unjust.*
>
> The party shall petition for the attorney's fees within 30 days following final disposition of the case. The petition shall be supported by an affidavit setting forth the basis for the request. (Emphasis added.)

The trial judge in our view made adequate findings to show that he considered the factors required by the statute. *See Epps v. Ewers*, 90 N.C. App. 597, 369 S.E.2d 104 (1988) (where this

Court, applying G.S. 6-21.1, held that because the statute defined the circumstances under which attorney's fees may be awarded the trial court was not required to make specific findings as to the plaintiff's entitlement to such an award, but was only required to make findings as to the quality and quantity of services rendered by counsel) and *Bryant v. Short*, 84 N.C. App. 285, 352 S.E.2d 245, *disc. rev. denied*, 319 N.C. 458, 356 S.E.2d 2 (1987) (where this Court, applying G.S. 6-21.5, held that the trial court need not make more detailed findings if it states that the pleadings raised no justiciable issue of law or fact because this was all the statute required for an award of attorney's fees). Finally, we note that under the language of G.S. 6-19.1, Rule 52(a)(1) is inapplicable as the hearing on the petition for attorney's fees was not an "action" tried without a jury. Since the action is already in existence, the petition is characterized as a motion filed pursuant to Rule 7(b)(1) of the N.C. Rules of Civil Procedure governing applications to the court for orders. Accordingly, this assignment of error is overruled.

[2] Next, respondent contends that the trial court erred in concluding as a matter of law that respondent acted without substantial justification in denying petitioner food stamps. In construing the term "substantial justification" in the context of G.S. 6-19.2, the language of which is identical to G.S. 6-19.1, this Court held that the burden was on the party against whom attorney's fees were assessed to show justification for denying access to public records. *N.C. Press Assoc., Inc. v. Spangler*, 94 N.C. App. 694, 381 S.E.2d 187, *disc. rev. denied*, 325 N.C. 709, 388 S.E.2d 461 (1989). This Court rejected the argument that "to be without substantial justification, the refusal must have been made in bad faith, frivolously or without any reasonable or colorable basis in law." In *Pierce v. Underwood*, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988), the United States Supreme Court defined the term "substantially justified" for purposes of the attorney's fee award provision of the Equal Access to Justice Act (herein "EAJA"), 28 U.S.C.S. § 2412(d). The EAJA provides, in pertinent part:

> (d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C.S. § 2412(d)(1)(A) (Law. Co-op. 1990). In *Pierce* the Court held that under the EAJA the proper connotation for the term "substantially justified" is "justified to a degree that could satisfy a reasonable person" (i.e., an act having a reasonable basis both in law and fact). *Id.* at 565, 108 S.Ct. at 2550, 101 L.Ed.2d at 504-05. The Court went on to say that, "[t]o be 'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness; that is assuredly not the standard for Government litigation of which a reasonable person would approve." *Id.* at 566, 108 S.Ct. at 2550, 101 L.Ed.2d at 505.

On the prior appeal, this Court examined the applicable provisions of the pertinent regulations contained in the Code of Federal Regulations and determined that DSS lacked any basis for requiring verification of any factor affecting petitioner's food stamp benefits at the time DSS required verification of the daughter's status and terminated petitioner's benefits for failure to provide such verification. *Tay v. Flaherty*, 90 N.C. App. at 349, 368 S.E.2d at 405. This Court also determined that, although petitioner's daughter planned to attend college, she actually did not leave petitioner's household until 14 August 1986 and, therefore, that under the applicable federal regulations petitioner's duty to report the change in the number of persons comprising the household did not arise until 14 August 1986. *Id.* at 350, 368 S.E.2d at 405. Based on these interpretations of the governing federal regulations, this Court held that the verification procedure which allowed DSS to terminate petitioner's food stamp benefits on 12 August 1986 for petitioner's alleged failure to cooperate by withholding information was not supported by the federal regulations and, therefore, violated G.S. 150B-51(b)(3).

The trial court's findings of fact are binding on appeal if there is evidence to support them, even though there is evidence which might sustain findings to the contrary. *See Williams v. Pilot Life Ins. Co.*, 288 N.C. 338, 218 S.E.2d 368 (1975). The transcript of the trial court's hearing on the issue of attorney's fees, contained in the record on appeal, shows that the court was apprised of all of the facts in the case. The trial court had before it evidence showing that DSS knew that under federal regulations it could not terminate petitioner's benefits unless she definitely refused to cooperate and that it could not terminate the benefits merely because she failed to cooperate. The trial court also had evidence showing that immediately after petitioner's benefits were cancelled,

TAY v. FLAHERTY

[100 N.C. App. 51 (1990)]

counsel for petitioner informed DSS, and thus respondent, that DSS lacked any basis for seeking verification information in the first instance. The court also knew that this Court had ruled that DSS had no basis for seeking the verification information and, therefore, no proper basis for determining that petitioner refused to cooperate and for terminating petitioner's benefits. This evidence was sufficient to allow the court to find that respondent lacked substantial justification in pressing its claim throughout this action regardless of respondent's evidence that the superior court judge and two other attorneys practicing in this area, who filed affidavits in support of respondent's petition for a rehearing in the Court of Appeals, agreed that respondent rightfully terminated the benefits. *See United States v. One 1984 Ford Van*, 873 F.2d 1281 (9th Cir. 1989) (under § 2412 of the EAJA, the trial court's agreement with the government in the initial case is not conclusive as to whether the government's position was reasonable).

[3]  Finally, respondent contends that the trial court erred in awarding attorney's fees to petitioner. General Statute 6-19.1 specifies that the award of attorney's fees to the prevailing party under this statute is within the discretion of the trial judge upon his or her conclusion that certain criteria are present. Decisions within the discretion of the trial judge will be reviewed on appeal only upon a showing that the trial judge abused his discretion. *See White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985). Respondent has failed to show that the trial judge abused this discretion; therefore, this assignment of error is overruled.

The award of attorney's fees is affirmed.

Affirmed.

Judges EAGLES and ORR concur.