CVS PHARMACY, INC. D/B/A CVS PHARMACY, PETITIONER v. NORTH CAROLINA
BOARD OF PHARMACY, RESPONDENT

No. COA02-1643

(Filed 3 February 2004)

## 1. Administrative Law— final agency decision—standard of review—whole record test

The trial court acted within its authority under N.C.G.S. § 150B-51(b), properly employed the whole record test, and made relevant findings of fact which were supported by the record when it affirmed respondent Board of Pharmacy's final decision in three cases where pharmacists employed by petitioner dispensed the wrong medications.

## 2. Pharmacists— pharmacies—disciplinary authority of Board of Pharmacy

Respondent Board of Pharmacy did not exceed its authority by attempting to reprimand, regulate, and limit the operations of three pharmacies of CVS pursuant to N.C.G.S. § 90-85.38

involving three cases where pharmacists employed by petitioner dispensed the wrong medications even though "reprimand" is not listed as a permissible discipline under subsection (b) pertaining to permitees and was listed in subsection (a) pertaining to licensees, because: (1) a reversal of the lower court on the basis that the Board of Pharmacy is limited to the statutory list would probably have the result of increasing petitioner's punishment; and (2) the Board of Pharmacy has the discretion to select a lesser punishment in accord with reason when the permitee has violated the statute.

### 3. Pharmacists— pharmacies—permitee liable for employees

Respondent Board of Pharmacy did not unlawfully use in its adjudications a policy that CVS is presumptively liable for the acts of its pharmacists and other employees for three cases where pharmacists employed by petitioner dispensed the wrong medications, because the Board has no need to employ such a presumption when the permitee pharmacy is held liable for the actions of the pharmacists it employs.

### 4. Pharmacists; Constitutional Law— Board of Pharmacy— due process—specific identified errors

Respondent Board of Pharmacy's final decisions in three cases where pharmacists employed by petitioner dispensed the wrong medications did not violate petitioner's due process rights based on alleged unlawful procedures, because: (1) the Board made concise findings that specific, identified dispensing errors were made by pharmacists employed by petitioner rather than employing a policy that when more than 150 prescriptions have been filled by a pharmacist on a given day, it is presumed that the pharmacy should be sanctioned when the pharmacist makes an error; (2) the findings that a dispensing error was committed were sufficient to warrant the conclusions of liability; and (3) the Board issued a notice of hearing for each case in order to give petitioner an opportunity to appear and be heard.

### 5. Pharmacists— dispensing wrong medications—final agency decision—arbitrary and capricious standard

Respondent Board of Pharmacy's final decisions in three cases where pharmacists employed by petitioner dispensed the wrong medications were not arbitrary and capricious, because: (1) the Board, through its investigation and hearings, factually established the dispensing errors in each case; and (2) it is not

arbitrary and capricious to hold a pharmacy responsible for the errors of its pharmacists who are engaged in the conduct and operation of the pharmacy.

Appeal by petitioner from order and judgment entered 13 September 2002 by Judge Ripley E. Rand in Wake County Superior Court affirming the final decisions of the North Carolina Board of Pharmacy entered 19 March 2001. Heard in the Court of Appeals 17 September 2003.

*Strickland, Harris & Hilton, P.A., by Nelson G. Harris for petitioner-appellant.*

*Bailey & Dixon, L.L.P., by Carson Carmichael, III and Anna Baird Choi for respondent-appellee.*

ELMORE, Judge.

CVS Pharmacy, Inc. (petitioner) brought a petition for judicial review in the Wake County Superior Court of three final decisions of the North Carolina Board of Pharmacy (Board of Pharmacy). The final decisions concerned three separate instances of pharmacists who were employed by the petitioner dispensing the wrong medications. Two of the pharmacists involved had been practicing for ten years or more with no prior complaints. Each of the three pharmacists filled more than 150 prescriptions during the respective shifts in which the errors were made.

The first decision of the Board involved Permit 6748, held by the CVS in Raeford, North Carolina. At the Raeford CVS, on 15 April 1998, Jacqueline Buller tendered a prescription for Cortisporin Opthalmic Solution and was erroneously dispensed Neo/Polymyxin Ear Solution the next day. The pharmacist on duty that day (Walter Coley) worked from 9:00 a.m. to 9:00 p.m. and filled 288 prescriptions. He had been licensed for twenty-five to thirty years and never previously been the subject of complaints or disciplinary action. The Board ordered the following: 1) a reprimand of CVS; 2) that CVS "shall not allow pharmacists to dispense prescription drugs at such a rate per hour or per day as to pose a danger to the public health or safety;" 3) that CVS submit a written statement to the Board signed by the current pharmacists that they have read and understand the patient counseling rule.

The second decision involved Permit 6799, held by the CVS in Wake Forest, North Carolina. At that CVS, on 8 November 1999,

Linda Barlow tendered a prescription for methotrexate 2.5mg to Pharmacist Randy Ball and was erroneously dispensed amitriptyline 25mg. On 18 October 1999, Pharmacist Ball erroneously dispensed 48 units of prednisone 5mg and 48 units of prednisone 10mg in a 10mg box on a prescription for prednisone 5mg. Pharmacist Ball was the only pharmacist on duty on 18 October, when he filled 347 prescriptions during a twelve hour shift, and was one of two pharmacists on duty on 8 November, when 328 prescriptions were filled (he filled approximately 162). He had been licensed for ten to fifteen years with no prior complaints or disciplinary action. The Board ordered: 1) that CVS be cautioned regarding its "failure to comply with the Board's patient counseling rule;" 2) that CVS's permit be suspended for one day, which order was suspended for three years on condition that:

> a) . . . [CVS] shall not allow pharmacists to dispense prescription drugs at such a rate per hour or per day as to pose a danger to the public health or safety.
>
> b) [CVS] shall submit to the Board . . . a written statement signed by the current pharmacists . . . [that they have read and understand the] . . . patient counseling rule[.] . . .
>
> c) [CVS] shall comply with the laws governing practice of pharmacy . . . .
>
> d) [CVS] shall comply with the regulations of the Board.

The third decision involved Permit 6559 in Burlington, North Carolina. On 30 October 1999, Dee Snow tendered a prescription for penicillin vk 250mg and was erroneously dispensed albuterol sulfate 2mg. Pharmacist A. Broughton Sellers, Jr. was on duty on 30 October from 8:00 a.m. to 3:00 p.m., when he dispensed 215 prescriptions. The Board gave CVS a reprimand in that case.

On 19 March 2001 the Board of Pharmacy entered final decisions in all three cases, as noted above. CVS filed a petition for judicial review in the superior court on 19 April 2001. The superior court, considering all three cases together, heard arguments in open court, reviewed the entire record, and affirmed the Board of Pharmacy. The petitioner now brings this appeal.

I.

[1] We first determine the proper standard of review. The North Carolina Administrative Procedure Act, N.C. Gen. Stat. § 150B-1 et seq., governs both superior court and appellate court review of

administrative agency decisions. *Eury v. N.C. Employment Security Comm.*, 115 N.C. App. 590, 446 S.E.2d 383 (1994). N.C. Gen. Stat. 150B-51 governs the scope of the superior court's review of final agency decisions. N.C. Gen. Stat. § 150B-51(b), as amended effective 1 January 2001, provides:

(b) Except as provided in subsection (c) of this section, in reviewing a final decision, the court may affirm the decision of the agency or remand the case to the agency or to the administrative law judge for further proceedings. It may also reverse or modify the agency's decision, or adopt the administrative law judge's decision if the substantial rights of the petitioners may have been prejudiced because the agency's findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional provisions;

(2) In excess of the statutory authority or jurisdiction of the agency;

(3) Made upon unlawful procedure;

(4) Affected by other error of law;

(5) Unsupported by substantial evidence admissible under G.S. 150B-29(a), 150B-30, or 150B-31 in view of the entire record as submitted; or

(6) Arbitrary, capricious, or an abuse of discretion.

N.C. Gen. Stat. § 150B-51 (2003).

According to the language in 150B-51, the standard of review by the superior court seems to be unchanged in a case like this one, which has not first been heard by an Administrative Law Judge. Our appellate review of the superior court, however, is governed by 150B-52, which provides: "The scope of review to be applied by the appellate court under this section is the same as for other civil cases." This language was previously construed by the case of *Tay v. Flaherty*, 90 N.C. App. 346, 368 S.E.2d 403 (1988):

When an appellate court is reviewing the decision of another court—as opposed to the decision of an administrative agency— the scope of review to be applied by the appellate court under G.S. § 150A-52 is the same as it is for other civil cases. That is, we must determine whether the trial court committed any errors of law.

*Tay v. Flaherty*, 90 N.C. App. 346, 348, 368 S.E.2d 403, 404, *disc. review denied*, 323 N.C. 370, 373 S.E.2d 556 (1988).

This is one of the first cases of this nature our Court has considered which is governed by the most recent revisions of the Administrative Procedures Act. We note that most of the revisions pertain to those cases which are reviewed by an Administrative Law Judge and are thus not relevant to the case at bar, which was decided by a professional licensing board. We discern no practical difference between the expressed scope of review in 150B-52, i.e., determining errors of law, and the standard of review under the previous version of chapter 150B.

For purposes of this appeal, we must first determine whether the superior court acted within its authority as defined by 150B-51(b). The lower court stated in its order:

> The proper standard of review of an agency decision is determined by the nature of the error asserted in judicial review. For an asserted error of law or procedure, the review of the Court is *de novo.* . . . For an asserted error of fact, the review of the Court is the "whole record" test, which requires the Court to examine the entirety of the record to determine whether the agency's decision is supported by substantial evidence (and therefore affirmed) or whether it is arbitrary and capricious (and therefore reversed). . . . N.C. Gen. Stat. § 150B-51(b)(5), (6).

*See Bashford v. N.C. Licensing Bd. for General Contractors*, 107 N.C. App. 462, 420 S.E.2d 466 (1992); *In re McCollough v. N.C. State Bd. of Dental Examiners*, 111 N.C. App. 186, 431 S.E.2d 816, *disc. review denied*, 335 N.C. 174, 436 S.E.2d 381 (1993).

The superior court then made findings that the final decisions of the Board of Pharmacy that CVS had violated N.C. Gen. Stat. § 90-85.38(a)(9) were

> supported by competent, material, and substantial evidence, and are not otherwise erroneous . . . are not in excess of the statutory authority or jurisdiction of the Board . . . [are not] arbitrary and capricious . . . are not in violation of any constitutional provisions, and were not a product of unlawful procedure . . . are not affected by any other error of law . . . [and] are upheld.

The superior court employed the proper standard of review under 150B-51, and made relevant findings of fact which were supported by

CVS PHARM., INC. v. N.C. BD. OF PHARM.

[162 N.C. App. 495 (2004)]

the record. We therefore affirm the superior court's judgment, affirming the Board of Pharmacy. We will address the appellant's assignments of error in turn.

II.

[2] The first assignment of error on appeal pertains to whether the Board of Pharmacy exceeded its authority by attempting to reprimand, discipline, regulate and limit the operations of three pharmacies of CVS. We agree with the superior court that the Board of Pharmacy did not exceed its authority.

Under North Carolina law, the Board may discipline the permitee (pharmacy) for the unlawful acts of its employees (the pharmacists) while engaged in the conduct and operation of the pharmacy, although the permitee does not authorize the unlawful acts and did not have actual knowledge of the activities. This is particularly true of a corporate permitee which can act only through its officers, agents, and employees. *Sunscript Pharmacy Corp. v. N.C. Bd. of Pharmacy*, 147 N.C. App. 446, 454, 555 S.E.2d 629, 634 (2001), *disc. review denied*, 355 N.C. 292, 561 S.E.2d 506 (2002).

Section 90-85.2 et seq. of the General Statutes comprises the North Carolina Pharmacy Practice Act. Section 90-85.38 outlines the disciplinary authority of the Board of Pharmacy. That section provides:

§ 90-85.38. Disciplinary authority[:]

(a) The Board may, in accordance with Chapter 150B of the General Statutes, issue a letter of reprimand or suspend, restrict, revoke, or refuse to grant or renew a license to practice pharmacy, or require licensees to successfully complete remedial education if the licensee has done any of the following:

. . .

(9) Been negligent in the practice of pharmacy.

(b) The Board, in accordance with Chapter 150B of the General Statutes, may suspend, revoke, or refuse to grant or renew any permit for the same conduct as stated in subsection (a).

N.C. Gen. Stat. § 90-85.38 (2003).

Although the petitioner notes that "reprimand" is not listed as a permissible discipline under subsection (b) pertaining to permitees,

and was listed in subsection (a) pertaining to licensees, we are not compelled that the omission is significant. In construing statutes courts normally adopt an interpretation which will avoid absurd or bizarre consequences, the presumption being that the legislature acted in accordance with reason and common sense and did not intend untoward results. *Comr. of Insurance v. Automobile Rate Office,* 294 N.C. 60, 68, 241 S.E.2d 324, 329 (1978). Since a reversal of the lower court on the basis that the Board of Pharmacy is limited to the statutory list would probably have the result of increasing the petitioner's punishment, we consider that an untoward result. The Board has the discretion to select a lesser punishment in accord with reason when the permitee has so clearly violated the statute. We therefore affirm the superior court, upholding the Board's final decision.

### III.

[3] Next, the petitioner argues that the Board unlawfully used, in its adjudications, a policy that CVS is presumptively liable for the acts of its pharmacists and other employees. This assignment of error is without merit.

The Board has no need to employ such a presumption when, under the decision in *Sunscript Pharmacy,* the permitee pharmacy is held liable for the actions of the pharmacists it employs as explained above. *Sunscript Pharmacy,* 147 N.C. App. 446, 454, 555 S.E.2d 629, 634.

### IV.

[4] The petitioner next contends that the Board's final decisions were based upon unlawful procedure. The petitioner argues that two of the procedures were unlawful: the use of a "150 policy", and that the Board's failure to make adequate findings of fact to support its conclusions of law have procedurally disadvantaged CVS. We find this assignment of error to also be without merit.

Petitioner argues that the Board of Pharmacy in its final decision improperly used a policy that when more than 150 prescriptions have been filled by a pharmacist on a given day, it is presumed that the pharmacy should be sanctioned when the pharmacist makes an error. Petitioner bases this argument on the constitutional guarantees of due process and notice. *See Parker v. Stewart,* 29 N.C. App. 747, 225 S.E.2d 632 (1976).

As noted above, our decision in the *Sunscript Pharmacy* case held that a pharmacy is liable for the errors of its pharmacists committed while engaged in the conduct and operation of the pharmacy. *Sunscript Pharmacy*, 147 N.C. App. at 454, 555 S.E.2d at 634. It is therefore unnecessary for the Board to adopt such a presumption in order to hold the petitioner liable. In fact in its three final decisions, the Board made no finding concerning the "150 policy," nor did it make any findings concerning the number of prescriptions filled during the days each error was committed. In each case, the Board made concise findings that specific, identified dispensing errors were made by pharmacists employed by the petitioner. Petitioner has not contested those findings on appeal. In the decisions concerning permits numbered 6748 and 6799, the Board made identical conclusions of law that "[i]n accordance with 21 N.C.A.C. 46.1811, [Petitioner] shall not allow pharmacists to dispense prescription drugs at such a rate per hour or per day as to pose a danger to the public health or safety." Because the Board did not need a presumption in order to find and conclude the errors and the resulting punishments, there was no due process violation. The findings that a dispensing error was committed were sufficient to warrant the conclusions of liability.

The Board also issued a notice of hearing for each case, which notices are included in the record on appeal. Each gives notice of the charges against CVS and gives notice of the date of hearing when petitioner would have an opportunity to appear and be heard. We discern no due process violations on the part of the Board.

V.

**[5]** The petitioner lastly argues that the Board's final decisions were arbitrary and capricious. The Board, through its investigation and hearings, factually established the dispensing errors in each case, which are not disputed on appeal. According to our holding in *Sunscript Pharmacy*, it is not arbitrary and capricious to hold a pharmacy responsible for the errors of its pharmacists who are engaged in the conduct and operation of the pharmacy. Since the petitioner's argument is centered on the premise that the pharmacy is not liable for its employee's acts, that argument is meritless as against our decision in *Sunscript Pharmacy*. We therefore affirm the superior court which affirmed the final decision of the Board of Pharmacy.

Affirmed.

Judges TIMMONS-GOODSON and HUDSON concur.