IN THE MATTER OF: JOHN S. McCOLLOUGH, D.D.S., P.A. JUDICIAL REVIEW OF THE DECISION OF THE NORTH CAROLINA STATE BOARD OF DENTAL EXAMINERS, Petitioner v. NORTH CAROLINA STATE BOARD OF DENTAL EXAMINERS, Respondent

No. 9130SC1270

(Filed 20 July 1993)

1. **Physicians, Surgeons, Other Health Care Professionals § 59 (NCI4th)— dentist giving nitrous oxide to patient—sexual misconduct—negligent behavior—sufficiency of notice**

The notice of hearing given to petitioner dentist by respondent Dental Board was sufficient to put petitioner on notice that he not only faced charges of willful misconduct but also

of negligent behavior, and there was no merit to petitioner's contention that, while the notice he received informed him that he faced charges of sexual misconduct, arising out of allegations that he administered nitrous oxide to a female patient while alone with her in his office, the notice did not sufficiently inform him that respondent intended to inquire into whether petitioner's administration of nitrous oxide to a female patient, absent the presence of an appropriate third party, constituted negligent behavior.

**Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 105, 108.**

2. **Physicians, Surgeons, Other Health Care Professionals § 60 (NCI4th) — dentist giving nitrous oxide to female patient — no other person present — negligent behavior — sufficiency of evidence**

Evidence was sufficient to support respondent Board's finding and conclusion that petitioner's conduct in administering nitrous oxide to a female patient without the presence of a female assistant or a person whom the patient trusted constituted negligence in the practice of dentistry in North Carolina, and this was true even though respondent found that the patient was not injured during the episode under review.

**Am Jur 2d, Physicians, Surgeons, and Other Healers § 357.**

3. **Physicians, Surgeons, Other Health Care Professionals § 60 (NCI4th) — severity of sanctions imposed upon dentist — no arbitrary or capricious action**

While the sanctions imposed against petitioner dentist may seem arguably harsh for violation of an unwritten standard of care which apparently has never been addressed by the Dental Board, the court on appeal cannot say that the Board's 90-day active suspension and five-year conditional reinstatement of petitioner's license was arbitrary or capricious.

**Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 75, 83.**

**Improper or immoral sexually related conduct toward patient as ground for disciplinary action against physician, dentist, or other licensed healer. 59 ALR4th 1104.**

**IN RE McCOLLOUGH v. N.C. STATE BD. OF DENTAL EXAMINERS**

[111 N.C. App. 186 (1993)]

Appeal by petitioner from judgment entered 30 September 1991 in Jackson County Superior Court by Judge J. Marlene Hyatt. Heard in the Court of Appeals 2 December 1992.

Petitioner, a licensed dentist, seeks appellate review of a trial court order affirming a final agency decision of the North Carolina State Board of Dental Examiners (the Board) to suspend his license for five years, with a conditional reinstatement of his license after ninety days. The Board suspended petitioner's license following an investigation and hearing which were conducted in response to a complaint filed by one of petitioner's female patients. The patient's complaint alleged that petitioner had administered nitrous oxide to her and then had indecently exposed himself to her and sexually assaulted her.

On 28 February 1990, the Board issued a notice of hearing to petitioner, and on 22 April 1990, the Board held a hearing on the charges. Although the Board concluded that there was insufficient evidence to determine that petitioner had, in fact, indecently exposed himself to the patient, it found petitioner's administration of nitrous oxide sedation to a female patient, in the absence of a female dental assistant or some other individual whom the patient trusted, constituted negligence in the practice of dentistry in North Carolina, in violation of N.C. Gen. Stat. § 90-41(a)(12).

The Board made a final agency decision on 14 September 1990 to revoke petitioner's license for five years, but offered to reinstate petitioner's license after three months of active suspension, provided that petitioner consented to the order and its various conditions.

Petitioner filed a petition for judicial review on 24 August 1990 and a stay of the Board's decision was entered by Judge Hyatt on that same day. On 20 November 1990, Judge Hyatt heard the petition for judicial review. On 27 December 1990, Judge Hyatt affirmed the Board's decision and remanded the case to the Board for imposition of appropriate sanctions. Upon remand, on 27 August 1991, the Board reinstated its original decision but removed the provision which required petitioner's consent. This order was affirmed by Judge Hyatt on 30 September 1991. Respondent filed notice of appeal that same day.

**IN RE McCOLLOUGH v. N.C. STATE BD. OF DENTAL EXAMINERS**

[111 N.C. App. 186 (1993)]

*Gudger & Gudger, by Lamar Gudger; and Gary E. Kirby; for petitioner-appellant.*

*Bailey & Dixon, by Ralph McDonald and Alan J. Miles, for respondent-appellee.*

WELLS, Judge.

[1] Pursuant to his first assignment of error, petitioner contends that the Board's suspension was improper because the Board failed to give petitioner proper notice of the nature of the charge against him. Petitioner contends that while the notice he received informed him that he faced charges of sexual misconduct, arising out of allegations that he administered nitrous oxide to a female patient while alone with her in his office, the notice did not sufficiently inform him that the Board intended to inquire into whether petitioner's administration of nitrous oxide to a female patient, absent the presence of an appropriate third party, constituted negligent behavior. We disagree.

While N.C. Gen. Stat. § 150B-38(b)(2) requires the notice of hearing to contain a "reference to the particular sections of the statutes and rules involved," after examining the notice of hearing given to petitioner by the Board, we conclude that this particular requirement was met. The notice stated:

> 5. Respondent's conduct as described above constituted negligence in the practice of dentistry, prohibited by G.S. § 90-41(a)(12) [which reads: Has been negligent in the practice of dentistry], and malpractice of dentistry, prohibited by G.S. § 90-41(a)(19) [which reads: Has, in the practice of dentistry, committed an act or acts constituting malpractice].

This language was sufficient to put petitioner on notice that he not only faced charges of willful misconduct but also of negligent behavior.

[2] Pursuant to two of his assignments of error, petitioner contends that the trial court improperly affirmed the Board's final agency decision to suspend petitioner's license because the evidence does not support the Board's finding and conclusion that petitioner's conduct constituted negligence in the practice of dentistry in North Carolina, in violation of N.C. Gen. Stat. § 90-41(a)(12). In *Woodlief v. N.C. State Bd. of Dental Examiners*, 104 N.C. App. 52, 407

S.E.2d 596 (1991), this Court set out the appropriate standards involved in a judicial review of respondent Board.

> Judicial review of the decisions of administrative agencies is governed by the whole record test pursuant to General Statutes Chapter 150B, the Administrative Procedure Act. Upon reviewing an agency's decision, a trial court may "reverse or modify the agency's decision if the substantial rights of the petitioners may have been prejudiced because the agency's findings, inferences, conclusions, or decisions are . . . (5) Unsupported by substantial evidence . . . in view of the entire record as submitted; or (6) Arbitrary or capricious." G.S. 150B-51(b) . . . . Accordingly, the whole record test requires that
>
> > "[i]f after all of the record has been reviewed, substantial competent evidence is found which would support the agency ruling, the ruling must stand." [*quoting Little v. Board of Dental Examiners*, 64 N.C. App. 67, 306 S.E.2d 534 (1983).]

*See also In re Guess*, 327 N.C. 46, 393 S.E.2d 833 (1990), *cert. denied*, 498 U.S. 1047, 111 S.Ct. 754, 112 L.Ed.2d 774 (1991) (Findings of Board of Medical Examiners, if supported by competent evidence, may not be disturbed by a reviewing court).

The factual events and circumstances providing the basis for the Board's order of suspension are not in dispute and are reflected in the following findings of fact set out in the Board's order.

> 3. Henrietta Brendle was a dental patient under Respondent's care from June 23, 1989, through December 30, 1989.
>
> 4. Respondent frequently used Nitrous Oxide sedation in his treatment of Ms. Brendle, at her request.
>
> 5. On Friday, December 29, 1989, Ms. Brendle made an appointment to see Respondent at 9:00 p.m. that evening. Ms. Brendle told the person in Respondent's office who made the appointment that she was in considerable pain and needed immediate attention.
>
> 6. Ms. Brendle arrived at Respondent's office for her appointment at approximately 9:00 p.m., on Friday, December 29, 1989. Respondent was busy with other patients and did not see Ms. Brendle until approximately 10:00 p.m.

7. Respondent took a radiograph of the tooth which was causing Ms. Brendle's pain and determined that the tooth had abscessed and required a root canal.

8. Respondent advised Ms. Brendle that he was too tired to perform the procedure that evening and requested that she return the following day at 9:30 a.m.

9. Before leaving his office Friday evening, Respondent was aware that he would not have a dental assistant available to assist with Ms. Brendle's treatment the following day.

10. Ms. Brendle arrived at Respondent's offices at or around 9:30 a.m. for her appointment with Respondent on Saturday, December 30, 1989.

11. Even though he was expecting Ms. Brendle, Respondent was dressed in an unprofessional manner, wearing only jogging shorts and a sweatshirt.

12. The front door to Respondent's office was unlocked when Ms. Brendle arrived, and she seated herself in the waiting area of Respondent's offices until Respondent asked her to come back to his operatory and sit in the dental chair.

13. Respondent was aware that Ms. Brendle had come to his office alone and that no member of his staff was present. Respondent and Ms. Brendle were alone in his office.

14. Respondent had treated Ms. Brendle's mother in the past and knew that Ms. Brendle's mother lived with Ms. Brendle. Aware that he and Ms. Brendle were alone in his office, Respondent had the options available of not treating Ms. Brendle at that time, of not using Nitrous Oxide, of requesting that Ms. Brendle return home and bring her mother back with her to be with Ms. Brendle during the treatment, or of requesting that Ms. Brendle telephone her husband, or another family member, to ask that he come to the office and be with her during the treatment.

15. Instead, Respondent administered Nitrous Oxide sedation to Ms. Brendle while he and Ms. Brendle were alone in his office. At some point after seating Ms. Brendle in the dental chair, Respondent locked the front door to his offices.

The disputed findings are thus:

16. The standard of care for general dentists practicing in North Carolina on or about December 30, 1989, prohibited the use of Nitrous Oxide sedation on a female patient by a male dentist without the presence of a female dental assistant or some other individual whom the patient trusted.

17. Respondent violated this standard of care by administering Nitrous Oxide sedation to Ms. Brendle while he and Ms. Brendle were alone together in his office on December 30, 1989.

These findings were followed by the Board's disputed conclusions of law:

Respondent's actions described in Findings of Fact 13 through 17 above, in administering Nitrous Oxide sedation to a female patient while no one else was present in the office constituted negligence in the practice of dentistry, in violation of G.S. § 90-41(a)(12).

The referenced statute reads as follows:

G.S. 90-41. **Disciplinary Action.**

(a) The North Carolina State Board of Dental Examiners shall have the power and authority to

. . .

(3) Revoke or suspend a license to practice dentistry; and

(4) Invoke other disciplinary measures, censure, or probative terms against a licensee as it deems fit and proper;

in any instance or instances in which the Board is satisfied that such applicant or licensee:

. . .

(12) Has been negligent in the practice of dentistry[.]

William D. Rabb, D.D.S., an expert witness for the Board, after reviewing the factual events in this case and describing what dental students have been taught for "a hundred years," testified that he was familiar with the standard of care among dentists in North Carolina with regard to the administration of nitrous oxide sedation to patients, and that it was a violation of that stand-

**IN RE McCOLLOUGH v. N.C. STATE BD. OF DENTAL EXAMINERS**

[111 N.C. App. 186 (1993)]

ard of care for Dr. McCollough to give nitrous oxide sedation to a female patient without a female assistant or chaperon being present in the office. While in the law of torts, the term "negligence" not only presupposes a breach of a legal duty owed by one to another, but also resulting injury or damage caused by such breach of duty, our Supreme Court has clearly rejected such a standard in reviewing the decisions of administrative boards which regulate providers of health care. In *In re Guess, supra*, the Court rejected the proposition that the conduct of a physician must carry risk or threat of harm before it failed to conform to the standard of care invoked by the Board of Medical Examiners in its disciplinary order applying to Dr. Guess. We are persuaded that the *Guess* rule allows the Dental Board's finding and conclusion of negligence, although the Board found that Dr. McCollough's patient was not injured during the episode under review. These assignments of error are overruled.

[3] Pursuant to his last assignment of error, petitioner contends that the sanctions imposed by the Board were arbitrary and capricious. In essence, petitioner contends that after the Board determined that there was insufficient evidence to support a finding of willful sexual misconduct by petitioner, the Board found petitioner negligent in the practice of dentistry, and then unfairly imposed severe sanctions in an attempt to punish petitioner for the charges which the Board could not prove.

The arbitrary and capricious standard is a difficult one to meet. *Woodlief, supra.*

> These imposing terms apply "when such decisions are 'whimsical' because they indicate a lack of fair and careful consideration; when they fail to indicate 'any course of reasoning and exercise of judgment,' [citation omitted] or when they impose or omit procedural requirements that result in manifest unfairness in the circumstances though within the letter of statutory requirements."

*Little v. Board of Dental Examiners*, 64 N.C. App. 67, 306 S.E.2d 534 (1983) (*quoting Comr. of Insurance v. Rate Bureau*, 300 N.C. 381, 269 S.E.2d 547, *rehearing denied*, 301 N.C. 107, 273 S.E.2d 300 (1980)).

While the sanctions imposed against petitioner may seem arguably harsh for violation of an unwritten standard of care which

apparently has never been previously addressed by the Board, we cannot say that the Board's 90-day active suspension and five-year conditional reinstatement of petitioner's license was arbitrary or capricious.

For the reasons stated, the order of the trial court must be affirmed.

Affirmed.

Judges EAGLES and LEWIS concur.