McGEE, Chief Judge.
 

 *560
 
 Cynthia Walker ("Petitioner") appeals from an order affirming the Final Agency Decision ("the Decision") of a panel of the North Carolina State Board of Dental Examiners ("the Board"). The Board concluded in its Decision that Petitioner had violated certain recordkeeping rules adopted by the Board and had been negligent in the practice of dentistry. We affirm.
 

 I. Background
 

 Petitioner has been licensed to practice dentistry in North Carolina since 1993. Petitioner was served with an Amended Notice of Hearing ("the Notice") by the Board on or around 25 April 2012. The Notice alleged,
 
 inter alia,
 
 that Petitioner had failed to properly document the reasons for prescribing narcotic pain medications for a number of patients in her treatment records. A hearing was held on this matter on 1-2 November 2012 ("the Board hearing"). The Board issued its Decision on 21 February 2013, and concluded that Petitioner had "violated the Board's rules and the standard of care for recordkeeping for narcotic pain medications prescribed for patients[,]" in violation of 21 N.C.A.C. 16T.101(a)(6)
 
 [1]
 
 ("the Record Content Rule") and N.C. Gen.Stat. § 90-41(a)(12), respectively. Petitioner filed a Petition for Judicial Review of the Decision on 21 March 2013. Following a hearing, the trial court denied Petitioner's petition and affirmed the Decision of the Board, in an order entered 23 October 2013 ("the order"). Petitioner appeals.
 

 *561
 
 II. Standard of Review
 

 Judicial review of the final decision of an administrative agency in a contested case is governed by N.C. Gen.Stat. § 150B-51 (2013) in the North Carolina Administrative Procedure Act ("the APA"). The statute "governs both trial and appellate court review of administrative agency decisions."
 

 *520
 

 N.C. Dept. of Correction v. Myers,
 

 120 N.C.App. 437
 
 , 440,
 
 462 S.E.2d 824
 
 , 826 (1995),
 
 aff'd per curiam,
 

 344 N.C. 626
 
 ,
 
 476 S.E.2d 364
 
 (1996). Pursuant to N.C.G.S. § 150B-51(b), a reviewing court may
 

 reverse or modify the [final] decision [of an agency] if the substantial rights of the petitioner[ ] may have been prejudiced because the findings, inferences, conclusions, or decisions are:
 

 ...
 

 (2) In excess of the [agency's] statutory authority[;]
 

 ...
 

 (4) Affected by other error of law;
 

 (5) Unsupported by substantial evidence ...; or
 

 (6) Arbitrary, capricious, or an abuse of discretion.
 

 When the issue for review is whether an agency's decision was supported by "substantial evidence" or was "[a]rbitrary, capricious, or an abuse of discretion," this Court applies the "whole record" test. N.C.G.S. § 150B-51(c).
 

 A court applying the whole record test may not substitute its judgment for the agency's as between two conflicting views, even though it could reasonably have reached a different result had it reviewed the matter
 
 de novo.
 
 Rather, a court must examine all the record evidence-that which detracts from the agency's findings and conclusions as well as that which tends to support them-to determine whether there is substantial evidence to justify the agency's decision. Substantial evidence is defined as relevant evidence a reasonable mind might accept as adequate to support a conclusion.
 

 Watkins v. N.C. State Bd. of Dental Exam'rs,
 

 358 N.C. 190
 
 , 199,
 
 593 S.E.2d 764
 
 , 769 (2004) (citations and quotation marks omitted). We review
 
 de novo
 
 the questions of whether a final agency decision
 
 *562
 
 was made "[i]n excess of the [agency's] statutory authority" or was "[a]ffected by other error of law [.]" N.C.G.S. § 150B-51(c).
 

 III. Violations
 

 A. The Record Content Rule
 

 Petitioner contends the trial court erred by affirming the Board's conclusion that she had violated the Record Content Rule. Specifically, Petitioner argues that she did not violate the Record Content Rule because the rule does not require dentists to record a "reason" for the medications prescribed in their treatment records. We agree.
 

 "Article [2a of the APA, N.C. Gen.Stat. §§ 150B-18 -21.28 (2013), governs] ... an agency's exercise of its authority to adopt a rule."
 
 See
 
 N.C.G.S. § 150B-18 (defining the "[s]cope and effect" of Article 2a). Pursuant to N.C.G.S. § 150B-18, "[a] rule is not valid unless it is adopted in substantial compliance with this Article." N.C.G.S. § 150B-18 was largely amended in 2011,
 
 see
 

 2011 N.C. Sess. Laws 398
 
 , § 1, to further provide that
 

 [a]n agency shall not seek to implement or enforce against any person a policy, guideline, or other interpretive statement that meets the definition of a rule contained in [N.C.G.S. § ] 150B-2(8a) if the policy, guideline, or other interpretive statement
 
 has not been adopted as a rule in accordance with this Article.
 

 (emphasis added). N.C. Gen.Stat. § 150B-2(8a) (2013) defines a "rule" in this context,
 
 inter alia,
 
 as "any agency regulation, standard, or statement of general applicability that implements or interprets an enactment of the General Assembly ... or that describes the procedure or practice requirements of an agency."
 

 The Record Content Rule provides that a dentist's treatment records must "include ... [the] [n]ame and strength of any medications prescribed, dispensed or administered along with the quantity and date." Petitioner correctly notes that the plain language of the Record Content Rule creates no requirement that dentists record a "reason" for the medications prescribed in their treatment records.
 
 See
 

 In re R.L.C.,
 

 361 N.C. 287
 
 , 292,
 
 643 S.E.2d 920
 
 , 923 (2007) ( "When the language of a statute is clear and without ambiguity, it is the duty of this Court to give effect to the plain meaning of the statute[.]");
 
 see also
 

 Kyle v. Holston Grp.,
 

 188 N.C.App. 686
 
 , 692,
 
 656 S.E.2d 667
 
 , 671 (2008) ("Our Supreme Court has applied the rules of statutory construction to administrative regulations
 
 *563
 
 as well as statutes."). Accordingly, because
 
 *521
 
 a requirement that dentists record the "reason" for prescribing medications would constitute a "rule" under N.C.G.S. § 150B-2(8a), the Board erred by enforcing this "rule" against Petitioner without first adopting it in accordance with the APA.
 
 See
 
 N.C.G.S. §§ 150B-2(8a), -18. However, for the reasons stated
 
 infra,
 
 we believe this error did not "prejudice[ ]" the "substantial rights" of Petitioner and, therefore, does not warrant reversal of the order.
 
 See
 
 N.C.G.S. § 150B-51(b).
 

 B. Negligence
 

 The Notice also alleged, and the Decision concluded, that Petitioner had been negligent in the practice of dentistry by not recording the reasons for prescribing certain narcotic pain medications to her patients.
 
 See
 
 N.C. Gen.Stat. § 90-41(a)(12) (2013) (providing that the Board "shall have the power and authority to ... [i]nvoke ... disciplinary measures ... in any instance or instances in which the Board is satisfied that [a dentist] ... [h]as been negligent in the practice of dentistry"). At the Board hearing, the Board offered two expert witnesses who testified accordingly. Dr. Keith Yount ("Dr. Yount") confirmed in his testimony that the applicable "standard of care require[s] North Carolina dentists to not only record [the] prescription [of] controlled substances, but the reason for" prescribing those medications. Dr. Yount further testified that Petitioner violated that standard. Dr. Richard Orlowski ("Dr. Orlowski") also testified that the applicable standard of care requires a dentist to record "a reason why [the dentist is] prescribing [a] narcotic" pain medication and that Petitioner violated that standard. Petitioner even acknowledged in her testimony that she had received mandatory training for past recordkeeping violations and that this training explained that dentists were expected to record the reasons for the medications they prescribe.
 

 Because "administrative boards which regulate providers of health care" need only find that a provider "failed to conform to the standard of care invoked by the Board" in order to conclude that the provider was negligent,
 
 In re McCollough v. N.C. State Bd. of Dental Exam'rs,
 

 111 N.C.App. 186
 
 , 193,
 
 431 S.E.2d 816
 
 , 819 (1993), the testimony of Dr. Yount, Dr. Orlowski, and Petitioner provided the Board with "substantial evidence" that Petitioner had been negligent in the present case.
 
 See
 

 Watkins,
 

 358 N.C. at 199
 
 ,
 
 593 S.E.2d at 769
 
 . Therefore, the trial court's affirmation of the Decision will be overturned only if the Board's conclusion that Petitioner acted negligently was "[a]rbitrary, capricious, or an abuse of discretion[,]" made "[i]n excess of statutory authority[,]" or resulted from "other error of law."
 
 See
 
 N.C.G.S. § 150B-51.
 

 *564
 
 Similar to her previous argument, Petitioner contends that the rule-enforcement limitation in N.C.G.S. § 150B-18, discussed above, also prohibited the Board from disciplining her for negligence under N.C.G.S. § 90-41(a)(12) -specifically because the Board had not adopted a rule that dentists must record a "reason" for the medications prescribed in their treatment records. We disagree.
 

 The authority given to the Board under N.C.G.S. § 90-41(a)(12) does not emanate from the Board's general rulemaking authority under Article 2a of the APA. N.C.G.S. § 90-41(a)(12) is not even part of the APA.
 
 [2]
 
 Instead, the language in N.C.G.S. § 90-41(a)(12) that the Board "
 
 shall
 
 have the power and authority to ... [i]nvoke ... disciplinary measures ... in
 
 any instance or instances
 
 in which the Board is satisfied that [a dentist] ... [h]as been negligent in the practice of dentistry" was expressly granted to the Board by a specific enactment of the General Assembly. (emphasis added);
 
 accord
 

 McCollough,
 

 111 N.C.App. at 193-94
 
 ,
 
 431 S.E.2d at 820
 
 (affirming the Board's determination that a dentist acted negligently under N.C.G.S. § 90-41(a)(12), even though the dentist violated an "unwritten standard of care ... [not] previously addressed by the Board[.]").
 

 This Court adheres to the long-standing principle that when two statutes arguably
 
 *522
 
 address the same issue, one in specific terms and the other generally, the specific statute controls. And when that specific statute is clear and unambiguous, we are not permitted to engage in statutory construction in any form. This Court may not construe the statute in pari materia with any other statutes, including those that treat the same issue generally.... We may look no further than the [specific] statute's plain language to determine whether [the agency] possessed the power it claims in this case.
 

 High Rock Lake Partners, LLC v. N.C. Dep't of Transp.,
 

 366 N.C. 315
 
 , 322,
 
 735 S.E.2d 300
 
 , 305 (2012) (citations omitted).
 

 Although N.C.G.S. §§ 90-41(a)(12) and 150B-18 appear to overlap on the issue of agency discipline, the allocation of authority by the General Assembly to the Board under N.C.G.S. § 90-41(a)(12) is more specific than the allocation under N.C.G.S. § 150B-18. N.C.G.S. § 90-41(a)(12) was enacted to apply specifically to the practice of dentistry and in "
 
 anY
 

 *565
 

 instance or instances
 
 in which the board" concludes that a dentist was negligent.
 
 [3]
 
 (emphasis added). Conversely, the rule enforcement limitation in N.C.G.S. § 150B-18 is aimed at defining the " [s]cope and effect" of Article 2a of the APA, which in turn applies only to the authority of agencies to adopt rules generally. Moreover, the language in N.C.G.S. § 90-41(a)(12) that the Board "
 
 shall
 
 have the power and authority to ... [i]nvoke ... disciplinary measures ... in
 
 any instance or instances
 
 in which the Board is satisfied that [a dentist] ... [h]as been negligent in the practice of dentistry[,]" (emphasis added), is "clear and unambiguous[.]"
 
 See
 

 High Rock Lake Partners,
 

 366 N.C. at 322
 
 ,
 
 735 S.E.2d at 305
 
 . Therefore, N.C.G.S. § 90-41(a)(12) controls.
 

 Under the plain language of N.C.G.S. § 90-41(a)(12),
 
 see
 
 id.,
 

 we cannot say the Board "exce[eded] [its] statutory authority" by concluding that Petitioner had been negligent in the practice of dentistry.
 
 See
 
 N.C.G.S. § 150B-51(b). For similar reasons, we cannot say that the Board's decision with respect to Petitioner's negligence was "[a]rbitrary, capricious, or an abuse of discretion" or "[a]ffected by other error of law[.]"
 
 See
 
 id.
 

 Therefore, the trial court did not err by affirming the Decision on that ground. Moreover, because the alleged misconduct by Petitioner under N.C.G.S. § 90-41(a)(12) and the Record Content Rule was identical, and because the Board could properly discipline Petitioner for having acted negligently under N.C.G.S. § 90-41(a)(12), Petitioner has not established that her "substantial rights ... [were] prejudiced" by the trial court's error regarding the Record Content Rule.
 
 See
 
 id.
 

 The order of the trial court is affirmed.
 

 AFFIRMED.
 

 Judges ELMORE and DAVIS concur.
 

 [1]
 

 21 N.C.A.C. 16T.101 was amended in 2015 and 21 N.C.A.C. 16T.101(a)(6) is currently codified at 21 N.C.A.C. 16T.0101(f).
 
 See
 

 30 N.C. Reg. 342
 
 (3 August 2015) (Effective 1 July 2015).
 

 [2]
 

 However, the
 
 adjudication
 
 of contested cases by occupational licensing agencies are still governed by Article 3a of the APA.
 
 See
 
 N.C. Gen.Stat. §§ 150B-38 -42 (2013).
 

 [3]
 

 Specifically, Chapter 90 of North Carolina's General Statutes governs the practice of "[m]edicine and [a]llied [o]ccupations" and Article 2 of Chapter 90 addresses the practice of dentistry.
 
 See
 
 N.C.G.S. §§ 90-23 -48.6 (2013).