ABLE OUTDOOR, INC. v. THOMAS J. HARRELSON, as Secretary of Transportation of the State of North Carolina

No. 115PA94

(Filed 28 July 1995)

**1. Courts § 75 (NCI4th)— review of agency decision—award of attorney fees—jurisdiction—order overruled by second judge**

When petitioner petitioned the superior court for review of a final agency decision, this gave the superior court jurisdiction under N.C.G.S. § 136-134.1 to determine the whole case, including the taxing of costs. Therefore, a superior court judge had juris-

diciton to interpret N.C.G.S. § 6-19.1 pertaining to the taxing of costs, and it was error for another superior judge to overrule his order taxing attorney fees against the State agency.

**Am Jur 2d, Administrative Law §§ 15, 16, 25, 116-152, 183, 277, 313, 383, 403, 414-431, 634; Certiorari § 23.**

**2. Courts § 85 (NCI4th)— superior court judge overruled by another—error**

One superior court judge had jurisdiction to decide whether to impose sanctions against the State pursuant to N.C.G.S. § 1A-1, Rule 11, and he could not be overruled by another superior court judge.

**Am Jur 2d, Administrative Law § 383; Judges § 35.**

**3. Execution and Enforcement of Judgments § 1 (NCI4th)— execution against State—error by trial court**

The trial court erred in allowing execution against the State, since the Judicial Branch does not have the power to impose an execution against the Executive Branch.

**Am Jur 2d, Constitutional Law §§ 325, 638; Executions and Enforcement of Judgments §§ 13, 202, 491; Exemptions § 304; United States § 111.**

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 113 N.C. App. 483, 439 S.E.2d 245 (1994), reversing an order entered 4 December 1992 by Bowen (Wiley F.), J., in Superior Court, Wake County. Heard in the Supreme Court 12 January 1995.

This appeal brings to the Court a question as to the propriety of a superior court judge's striking orders issued by another superior court judge. On 24 April 1990, the Department of Transportation (DOT) revoked a permit of Able Outdoor, Inc. (Able), for a sign on Interstate Highway 26 in Buncombe County. DOT contended Able had cut trees in front of the sign. The Secretary of Transportation affirmed the order.

Able then petitioned the Superior Court, Wake County, for review pursuant to N.C.G.S. § 136-134.1. While the matter was pending in superior court, DOT reinstated the permit on 7 December 1990. Judge Narley L. Cashwell then awarded the petitioner attorney's fees in the amount of $8,978.75. DOT appealed this award, which appeal was dis-

missed by the Court of Appeals because there had not been a final judgment in the case. Judge Farmer then dismissed the case without prejudice, which both parties agree was a final disposition of the case. On 22 October 1992, the Wake County Clerk of Superior Court issued an execution against DOT seeking payment on the order allowing attorney's fees.

On 19 November 1992, Judge Cashwell entered an order in aid of execution requiring DOT to appear in Superior Court, Wake County, to answer regarding property in its possession which could satisfy the execution.

DOT then made a motion pursuant to N.C.G.S. § 1A-1, Rule 60(b)(4) and (6) for relief from the order granting attorney's fees, the execution, and the order in aid of execution. Judge Wiley F. Bowen granted the motion, concluding that Judge Cashwell did not have jurisdiction to enter the orders. The Court of Appeals reversed.

We allowed discretionary review.

*Wilson & Waller, P.A., by Betty S. Waller and Brian E. Upchurch, for petitioner-appellee.*

*Michael F. Easley, Attorney General, by Elizabeth N. Strickland, Assistant Attorney General, for respondent-appellant.*

WEBB, Justice.

The first question we face in this appeal is whether Judge Cashwell had jurisdiction to interpret N.C.G.S. § 6-19.1 or N.C.G.S. § 1A-1, Rule 11 as to the award of attorney's fees. If he had jurisdiction to do so, it was error for Judge Bowen to strike this award. One superior court judge may not overrule another. *Calloway v. Motor Co.*, 281 N.C. 496, 501, 189 S.E.2d 484, 488 (1972); *Huffaker v. Holley*, 111 N.C. App. 914, 433 S.E.2d 474 (1993); *Madry v. Madry*, 106 N.C. App. 34, 415 S.E.2d 74 (1992). If Judge Cashwell did not have jurisdiction to act under these sections of the statutes, his order was a nullity and Judge Bowen could strike it.

The superior court gained jurisdiction of this case when Able petitioned for review of the final agency decision pursuant to N.C.G.S. § 136-134.1. N.C.G.S. § 6-19.1 provides in pertinent part:

In any civil action . . . brought by the State or brought by a party who is contesting State action pursuant to N.C.G.S. § 150A-43 [now N.C.G.S. § 150B-43] or *any other appropriate*

ABLE OUTDOOR, INC. v. HARRELSON

[341 N.C. 167 (1995)]

*provisions of law,* unless the prevailing party is the State, the court may, in its discretion, *allow the prevailing party to recover reasonable attorney's fees* to be taxed as court costs against the appropriate agency if:

(1) The court finds that the agency acted without substantial justification in pressing its claim against the party; and

(2) The court finds that there are no special circumstances that would make the award of attorney's fees unjust.

The party shall petition for the attorney's fees *within 30 days following final disposition of the case.* The petition shall be supported by an affidavit setting forth the basis for the request.

N.C.G.S. § 6-19.1 (1986) (emphasis added).

[1] The respondent Secretary of Transportation argues that N.C.G.S. § 136-134.1 does not provide for attorney's fees against the State. He says "[a]n attorney fee proceeding under Section 6-19.1 is a completely separate proceeding from a judicial review proceeding under Section 136-134.1. Consequently, jurisdiction under Section 136-134.1 does not automatically confer jurisdiction under Section 6-19.1." He argues further that N.C.G.S. § 6-19.1 waives sovereign immunity and must be strictly construed. *Construction Co. v. Department of Administration,* 3 N.C. App. 551, 165 S.E.2d 338 (1969). The respondent says N.C.G.S. § 6-19.1 requires that a petition for attorney's fees must be filed within thirty days following the final disposition of the case, and unless this is done, the superior court does not have jurisdiction to pass on the question of attorney's fees. The respondent contends, based on this argument, that Judge Cashwell did not have jurisdiction to award attorney's fees pursuant to N.C.G.S. § 6-19.1 and Judge Bowen could strike this order.

We do not agree with respondent's interpretation. When Able petitioned the superior court for review, this gave the superior court jurisdiction under N.C.G.S. § 136-134.1. The statute provides for a *de novo* hearing. We believe this gave the court jurisdiction to determine the whole case including the taxing of costs. N.C.G.S. § 6-19.1 provides for attorney's fees to be taxed as costs in some instances. The court had jurisdiction to interpret this section. We do not believe the General Assembly intended that N.C.G.S. § 6-19.1 would provide for a separate proceeding in which the court does not have jurisdiction until certain prerequisites are met. Judge Cashwell may have erred by allowing attorney's fees, but we do not have to decide that question in

this case. He had jurisdiction to interpret N.C.G.S. § 6-19.1, and it was error for another superior court judge to overrule his order.

[2] By the same token, Judge Cashwell had jurisdiction to decide whether to impose sanctions under N.C.G.S. § 1A-1, Rule 11. N.C.G.S. § 1A-1, Rule 1 provides in part that the Rules of Civil Procedure "shall govern the procedure in the superior and district courts . . . in all actions and proceedings of a civil nature except when a differing procedure is prescribed." N.C.G.S. § 1A-1, Rule 1 (1990). N.C.G.S. § 1A-1, Rule 11 provides in part: "If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose . . . an appropriate sanction, which may include . . . a reasonable attorney's fee." N.C.G.S. § 1A-1, Rule 11 (1990). Judge Cashwell found that certain acts of the respondent "were not well-grounded in fact and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and caused unnecessary delay and increased cost of litigation." He imposed sanctions based on this finding.

This is a proceeding of a civil nature. The State has consented to be sued by N.C.G.S. § 136-134.1. The Rules of Civil Procedure apply to this case. There is no reason why Rule 11 should be excluded from the rules to be applied. Again, we need not determine whether the action of Judge Cashwell was erroneous in basing his order on a violation of Rule 11. He had jurisdiction to interpret the rule, and the State did not appeal from the order.

The respondent argues that Rule 11 has no express language which allows the granting of attorney's fees against the State. He says that absent such an express grant of authority, our doctrine of sovereign immunity does not allow sanctions against the State. This argument misses the point. The respondent may be correct in his argument that Rule 11 does not provide for sanctions against the State. That does not mean, however, that Judge Cashwell did not have jurisdiction to decide this question. When he decided it, he could not be overruled by another superior court judge.

The respondent argues further that because N.C.G.S. § 6-19.1 provides for the allowance of attorney's fees, there is no authority for Rule 11 sanctions. Again, this is not a jurisdictional question. It is a legal question, which Judge Cashwell had jurisdiction to determine.

The respondent argues further that Judge Bowen properly struck the order imposing sanctions under Rule 60(b)(6), which allows a

court to grant relief from an order for "[a]ny other reason justifying relief from the operation of the judgment." N.C.G.S. § 1A-1, Rule 60(b)(6) (1990). The extraordinary circumstance upon which Judge Bowen relied in striking the sanctions imposed pursuant to Rule 11 was that N.C.G.S. § 6-19.1 more specifically addressed the situation in this case. This is not a sufficient reason for one superior court judge to overrule another.

[3]  We hold, however, that the Court of Appeals erred in affirming Judge Cashwell's orders allowing execution against the State. In *Smith v. State*, 289 N.C. 303, 222 S.E.2d 412 (1976), we held that when the State enters into a valid contract, it waives its sovereign immunity so that it may be sued for breach of the contract. We also held that if a plaintiff is successful in establishing his claim, he cannot obtain execution to enforce the judgment. We said, "[t]he judiciary will have performed its function to the limit of its constitutional powers. Satisfaction will depend upon the manner in which the General Assembly discharges its constitutional duties." *Id.* at 321, 222 S.E.2d at 424. Pursuant to *Smith*, we do not believe the Judicial Branch of our State government has the power to enforce an execution against the Executive Branch. *See Garner v. Worth*, 122 N.C. 250, 29 S.E. 364 (1898).

Able argues that N.C.G.S. § 7A-103 and N.C.G.S. § 1-313 authorize the clerk to issue orders for execution, and N.C.G.S. § 1-353 authorizes superior court judges to issue orders in aid of execution. It says the orders issued in this case were issued pursuant to these sections of the statutes and are valid. These sections were in effect when *Smith* was decided. We did not hold then that they provided for execution against the State and we decline to do so now.

For the reasons stated in this opinion, we affirm the holding of the Court of Appeals that it was error to strike Judge Cashwell's order awarding attorney's fees. We reverse that part of the decision of the Court of Appeals which holds the petitioner may have execution against the State, and remand to that court for further remand to the Superior Court, Wake County, for proceedings consistent with this opinion.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.