VIVICA McINTYRE, Petitioner v. FORSYTH COUNTY DEPARTMENT OF
SOCIAL SERVICES, Respondent

No. COA02-1301

(Filed 6 January 2004)

**Costs— attorney fees—employment dispute—State Personnel
Commission—timeliness**

    The superior court was time barred from considering a peti-
tion for attorney fees incurred in the judicial review portion of an
employment dispute involving the State Personnel Commission.
The petition for attorney fees was filed well beyond the 30 day
limit of N.C.G.S. § 6-19.1.

Appeal by respondent Forsyth County Department of Social
Services from an order entered 4 June 2002 by Judge Stafford G.
Bullock in Wake County Superior Court. Heard in the Court of
Appeals 20 August 2003.

*Cathryn Garner Carson for Robert Winfrey petitioner appellee.*

*Gloria L. Woods for Forsyth County Department of Social
Services respondent appellant.*

McCULLOUGH, Judge.

    This matter is an appeal from the 4 June 2002 order granting
$18,000 attorney's fees to Robert Winfrey. Mr. Winfrey provided
legal services during the judicial review portion of Vivica McIntyre's
(hereinafter "petitioner") underlying employment action. Petitioner
was the prevailing party in the underlying action, and was awarded
attorney's fees generally in an 8 April 1999 order. These fees were
later assigned to Mr. Winfrey in a 9 July 2001 order by Judge Donald
W. Stephens. The 9 July 2001 order also denied Mr. Winfrey's motion
for a temporary restraining order and preliminary injunction regard-
ing settlement negotiations between the named parties. The assign-
ment of fees was necessary since Mr. Winfrey's license to practice law
had been revoked at the time, and he could no longer act as peti-
tioner's representative.

    In the underlying employment case, petitioner was dismissed on
22 March 1995 from her position as an Income Maintenance
Caseworker II in the Food Stamp Unit by respondent, Forsyth County
Department of Social Services ("DSS"). DSS claimed petitioner's job

performance was unsatisfactory according to state and federal regulations. In a recommended decision on 24 January 1996, Administrative Law Judge ("ALJ") Sammie Chess granted petitioner reinstatement, lost wages, lost benefits, and reasonable cost of attorney's fees. The State Personnel Commission ("SPC") decided to counter the ALJ's recommended decision and issued an advisory recommendation that DSS's dismissal of petitioner was reasonable in light of the circumstances. DSS then rendered its final agency decision, fully accepting the SPC's recommended decision.

The case moved to Wake County Superior Court before Judge Stafford G. Bullock who granted reinstatement of petitioner's wages, benefits, and attorneys fees in an 8 February 1999 order. Judge Bullock's award to petitioner of attorney's fees was simply stated, "respondent shall pay petitioner the reasonable costs of her attorney fees." This Court affirmed the Wake County Superior Court in an unpublished decision on 6 June 2000. DSS's subsequent Petition for Writ of Certiorari was denied by the Supreme Court on 20 December 2000. On 6 April 2001, Mr. Winfrey filed pleadings entitled "NOTICE OF ATTORNEY CHARGING LIEN" on the parties to the underlying action. Therein, he asserted that he had rendered legal services in the amount of forty-five thousand four hundred and fifteen dollars ($45,415.00) to petitioner for both the administrative and judicial review portions of the case. Mr. Winfrey did not petition for attorney's fees on his behalf until 18 March 2002 in Wake County.

Mr. Winfrey's application for attorney's fees for the judicial review portion of the underlying case was heard at the 20 May 2002 Session of the Wake County Superior Court before Judge Bullock. The court ruled without review of the official record, and without sworn statements. The award from the May 2002 order was based on the oral representations by Mr. Winfrey as to the number of hours of legal services he provided during petitioner's judicial review portion of the underlying action up until his disbarment. DSS supplied the court with a copy of N.C. Gen. Stat. § 6-19.1 (2001), in effect in 1995 at the time the underlying cause of action arose. This statute was not directly applied in Judge Bullock's 4 June 2002 order's findings of fact or conclusions of law. DSS appealed.

DSS raises three alternative issues on appeal. The first of these issues claims that the superior court abused its discretion when ordering any specific amount of attorney's fees pursuant to Mr. Winfrey's motion for such fees, when Mr. Winfrey had not complied with the procedural steps of N.C. Gen. Stat. § 6-19.1. DSS argues that

the superior court lacked "jurisdiction" to hear the motion for attorney's fees, specifically that the superior court was time barred from hearing Mr. Winfrey's motion for attorney's fees.

The second issue raised by DSS is also based on N.C. Gen. Stat. § 6-19.1. It claims an abuse of discretion by the trial court's award of general attorney's fees in its 8 April 1999 order for the underlying employment dismissal claim by petitioner. Specifically, DSS claims it had "substantial justification" to dismiss the petitioner in the first place and therefore an award of attorney's fees against the agency violates the statute. If we determine DSS did have "substantial justification" to dismiss petitioner, DSS claims any award of attorney's fees is improper against the agency and violates N.C. Gen. Stat. § 6-19.1.

Finally, DSS argues that should this Court find the superior court had jurisdiction to assess the amount of the attorney's fee award to Mr. Winfrey in the 4 June 2002 order, and that DSS lacked "substantial justification" to dismiss petitioner in the underlying action, DSS claims the court abused its discretion when valuing the attorney's fees at $18,000. DSS claims the court failed to make requisite findings as to the following factors when assessing a reasonable fee for the judicial review portion of the case: (a) the actual attorney representation contract for legal services provided during the judicial review portion of the underlying employment case; (b) the basis for any allegation of complexity of the claim; (c) reasonableness of the application for fees considering the high degree of complexities; (d) customary charges for legal services where the cause of action arose; (e) the attorney's years of experience specifically representing clients with State Personnel Act Claims.

Because we believe Mr. Winfrey's motion for attorney's fees pursuant to N.C. Gen. Stat. § 6-19.1 did not comply with the statute's procedural requirements, this opinion will not address DSS's second and third issues.

Both respondent and Mr. Winfrey argue that this dispute for attorney's fees stemming from the judicial review portion of the case is governed by N.C. Gen. Stat. § 6-19.1. The statute grants the trial court authority to award attorney's fees to a prevailing party of an agency decision in an employment dispute, and provides:

> In any civil action . . . brought by the State or brought by a party who is contesting State action pursuant to G.S. 150B-43 or

McINTYRE v. FORSYTH CTY. DSS

[162 N.C. App. 94 (2004)]

any other appropriate provisions of law, unless the prevailing party is the State, the court may, in its discretion, allow the prevailing party to recover reasonable attorney's fees . . . to be taxed as court costs against the appropriate agency if:

(1) The court finds that the agency acted without substantial justification in pressing its claim against the party; and

(2) The court finds that there are no special circumstances that would make the award of attorney's fees unjust. The party shall petition for the attorney's fees within 30 days following final disposition of the case. The petition shall be supported by an affidavit setting forth the basis for the request.

N.C. Gen. Stat. § 6-19.1. Awards for fees incurred during the administrative portion of an employment dispute, involving the SPC, are specifically provided for by N.C. Gen. Stat. § 126-4(11) (2001) limiting review of a commission's award or denial of attorney's fees. A trial court cannot award attorney's fees in State Personnel cases for services rendered prior to judicial review. *See Morgan v. N.C. Dept. of Transportation*, 124 N.C. App. 180, 183, 476 S.E.2d 431, 433 (1996).

The underlying employment case and award to petitioner for her reinstatement, lost wages and benefits, and attorney's fees, was finally disposed of when the Supreme Court denied a Writ of Certiorari on 20 December 2000. This was the last action settling the rights of the parties and disposing all issues of the underlying controversy, leaving only the *amount* of the awarded attorney's fees to be determined. Mr. Winfrey's application for attorney's fees for the judicial review portion of the case was not until on or about 15 March 2002.

Respondent argues that the superior court lacked jurisdiction to hear the 15 May 2002 motion because Mr. Winfrey's petition for attorney's fees was well beyond the 30-day requirement of N.C. Gen. Stat. § 6-19.1. Respondent rests its jurisdictional argument on the case *Whiteco Industries, Inc. v. Harrelson*, 111 N.C. App. 815, 818, 434 S.E.2d 229, 232 (1993), *disc. review denied, appeal dismissed*, 335 N.C. 566, 441 S.E.2d 135 (1994), which states that: "the 30-day filing period contained in the statute [ N.C. Gen. Stat. § 6-19.1] is a jurisdictional prerequisite to the award of attorney's fees, *cf., J.M.T. Mach. Co., Inc. v. United States*, 826 F.2d 1042, 1047 (Fed.

Cir. 1987) interpreting the Equal Access to Justice Act (EAJA)[.]" Thus, respondent argues under *Whiteco* that N.C. Gen. Stat. § 6-19.1 is an absolute 30-day deadline from final disposition for filing a petition for attorney's fees, which if not met, bars a superior court from assessing attorney's fees for the review portion of the underlying action.

Petitioner argues pursuant to the Supreme Court's holding in *Able Outdoor, Inc. v. Harrelson*, 341 N.C. 167, 459 S.E.2d 626 (1995), which states:

> N.C.G.S. § 6-19.1 provides for attorney's fees to be taxed as costs in some instances. The court had jurisdiction to interpret this section. *We do not believe the General Assembly intended that N.C.G.S. § 6-19.1 would provide for a separate proceeding in which the court does not have jurisdiction until certain prerequisites are met.*

*Id.* at 170, 459 S.E.2d at 628 (emphasis added). Petitioner interprets *Able* to allow a superior court to hear a petition for attorney's fees pursuant to N.C. Gen. Stat. § 6-19.1, and grant a specified award, so long as a superior court generally awarded attorney's fees in the underlying action.

While Mr. Winfrey states the law of *Able* correctly—that a superior court has jurisdiction to award attorney's fees *before* final disposition of the case when reviewing the agency action *de novo*—we do not agree that *Able* governs the facts of this case. In *Able*, the attorney's fees were both awarded and the amount assessed by the superior court before the final disposition of the case. In the instant case, Mr. Winfrey did not petition for attorney's fees until well over a year *after* the Supreme Court denied certiorari and the case became final on 20 December 2000.

We agree with respondent's reading of *Whiteco* that N.C. Gen. Stat. § 6-19.1 acts as a time bar to a prevailing party seeking attorney's fees. *Whiteco* also falls in line with *Able*, stating that, "DOT's argument that the 30-day period establishes a starting point as well as a deadline" is too narrow. *Whiteco Indus.*, 111 N.C. App. at 818, 434 S.E.2d at 232. The statutory thirty days is not a starting point, meaning, a party seeking attorney's fees need not wait until final disposition to petition for them. Furthermore, the superior court may hear, award, and even assess attorney's fees pursuant to N.C. Gen. Stat. § 6-19.1 before final disposition on the merits of the underlying

claim as the Court did in *Able*.[1] The superior court initially awarding attorney's fees in the instant case made no findings as to the amount of fees owed for the review portion on the underlying merits. Therefore, Mr. Winfrey should have pursued the specifics of his award under N.C. Gen. Stat. § 6-19.1 after final disposition on the merits. He did not.

To hold that the statute allowed a party to petition for attorney's fees after the 30 days from final disposition would make the statute a nullity. Under such an interpretation, so long as attorney's fees were awarded in the underlying action generally, then an attorney could move for them with particularity obtaining actual valuation when he or she so chooses, and within no required time frame such as this tax year or the next.

In the instant case, Mr. Winfrey was generally awarded attorney's fees when Judge Bullock overturned DSS's final agency decision in the 8 April 1999 order. After the petitioner won on appeal and petition for certiorari was denied, the disposition on the merits was final. Judge Bullock's general award of attorney's fees for the review portion of the case still did not secure Mr. Winfrey's right to specified attorney's fees. By statute he was required to petition for them within the 30-day time frame with an accompanying affidavit, specifying the basis for the particularity of his fee petition. He did not make his petition for well over a year from the date of final disposition. Therefore, he is now time barred from moving for their recovery.

While this Court's holding in *Whiteco* and the Supreme Court's holding in *Able* adequately support our decision, federal decisions interpreting the similar Equal Access to Justice Act ("EAJA"), 28 U.S.C.S. § 2412, support our reasoning. The federal courts have repeatedly held the 30-day requirement for filing a petition for attorney's fees against a government agency is a jurisdictional prerequisite. In *Scarborough v. Prinicipi*, 319 F.3d 1346, 1350 (Fed. Cir. 2003) the Federal Circuit Court of Appeals reaffirmed the following:

> The same mandatory language ("shall") is used with respect to the thirty-day time limit and the other four requirements that

---

1. We note, as the Court did in *Whiteco*, that judicial economy favors the hearing of petitioner's motion for attorney's fees after final disposition of the underlying merits. This Court in *Whiteco* noted that, but for finding substantial justification for the agency action and denying attorney's fees on those grounds, this issue may have posed problems in the award of attorney's fees. *Whiteco*, 111 N.C. App. at 818, 434 S.E.2d at 232.

make up the application. This court and five other U.S. Courts of Appeals have characterized the thirty-day time limit for submitting a fee application under the EAJA as *jurisdictional in nature.* See *Bazalo v. West,* 150 F.3d at 1383; *J.M.T. Mach. Co. v. United States,* 826 F.2d 1042, 1047 (Fed. Cir. 1987); see also *Yang v. Shalala,* 22 F.3d 213, 215 n.4 (9th Cir. 1994); *Newsome v. Shalala,* 8 F.3d 775, 777 (11th Cir. 1993); *Damato v. Sullivan,* 945 F.2d 982, 986 (7th Cir. 1991); *Welter v. Sullivan,* 941 F.2d 674, 675 (8th Cir. 1991); *Peters v. Sec'y of HHS,* 934 F.2d 693, 694 (6th Cir. 1991).

(Emphasis added.)

The superior court was time barred from considering Mr. Winfrey's petition for attorney's fees. In light of our ruling on this issue, DSS's second and third issues on appeal contesting the propriety of the award are moot. After careful review of the arguments of the parties, the record, and governing North Carolina case law, the superior court order awarding Mr. Winfrey attorney's fees for the judicial review portion of the underlying agency action is

Reversed.

Judges MARTIN and LEVINSON concur.