MARSHA A. EARLY, Petitioner v. COUNTY OF DURHAM, DEPARTMENT
OF SOCIAL SERVICES, Respondent

No. COA08-96

(Filed 21 October 2008)

**1. Appeal and Error— appealability—attorney fees—final order—mootness**

Petitioner's two motions to dismiss DSS's appeal from the trial court's orders granting attorney fees in a wrongful termination case are denied because: (1) DSS's appeal is not interlocutory when the Court of Appeals decision will be the final disposition in this matter given the facts that DSS entered a notice of appeal and response to petitioner's motions to dismiss before the issue of back pay had been decided by the State Personnel Commission, and the ALJ awarded petitioner $154,101.03 in back pay that has already been paid; and (2) in regard to petitioner's motion to dismiss the appeal as moot, the appeal is not moot when DSS's appeal addresses the amount and appropriateness of attorney fees which was the relevant issue on appeal in *Early I.*

**2. Public Officers and Employees— wrongful termination— appropriate standard of review—automatic remand not required when same result achieved**

Although the Court of Appeals was unable to determine in a wrongful termination case against a county DSS whether the superior court applied the correct standard of review in regard to the attorney fees issue when the wording in the record suggested it applied both de novo review and the whole record test, our Supreme Court has held that a superior court's erroneous application of the appropriate standard of review does not automatically necessitate remand. The order is affirmed because the superior court, reviewing the case de novo, should have found as it did that the State Personnel Commission's (SPC) conclusions of law were sufficient to entitle petitioner to attorney fees for the administrative portion of this case and thus it properly reversed DSS's rejection of the SPC recommendation.

**3. Costs— attorney fees—sufficiency of findings**

The trial court did not abuse its discretion in a wrongful termination case against a county DSS by awarding petitioner attorney fees under N.C.G.S. § 6-19.1 even though DSS contends there

EARLY v. COUNTY OF DURHAM, DEP'T OF SOC. SERVS.

[193 N.C. App. 334 (2008)]

were insufficient findings because: (1) an award of attorney fees under this statute requires findings that petitioner is the prevailing party, the agency acted without substantial justification, and there were no special circumstances making the award of attorney fees unjust; (2) there was no substantial justification for DSS's rejection of the SPC recommended order in light of DSS's misconstruction, in its final decision and brief, of both the SPC recommended order and the Court of Appeals' holding in *Early* I, as well as DSS's persistent opposition at every level of petitioner's attempted receipt of the attorney fees to which she was entitled; (3) although DSS contends the superior court erred by not including in its order a written list of specific findings supporting its assessment of attorney fees, DSS's brief cites no authority for this contention other than merely pointing to Rule 52; (4) the superior court's findings, along with its supplemental order, satisfied the procedure under N.C.G.S. § 6-19.1 given its consideration of the records, in addition to its findings as to time and labor expended, skill required, the customary fee for like work, and the experience or ability of petitioner's attorney; (5) while ordinarily the superior court does not have authority to award attorney fees incurred on appeal, here the superior court was not acting in its capacity as a trial court, but rather as an appellate court reviewing this case de novo; and (6) our Court of Appeals has held that a superior court, upon the Court of Appeals' remand of the issue of attorney fees, may award attorney fees incurred by a prevailing party on appeal under N.C.G.S. § 6-19.1, and the Court of Appeals has stated that a superior court has jurisdiction to interpret N.C.G.S. § 6-19.1 and award attorney fees before final disposition of the case when reviewing the agency action de novo.

Appeal by respondent from judgments entered 13 July 2007 and 27 August 2007 by Judge Ripley E. Rand in Wake County Superior Court. Heard in the Court of Appeals 25 August 2008.

*Office of the County Attorney, by Deputy County Attorney Lowell L. Siler, for respondent-appellant.*

*Patrice Walker for petitioner-appellee.*

MARTIN, Chief Judge.

Respondent-appellant County of Durham Department of Social Services ("DSS") appeals from the 13 July 2007 and 27 August 2007

orders granting $17,982.50 in attorney fees to petitioner-appellee Marsha Early ("Early") as the prevailing party in the employment action underlying this case.

The history of this case is set out in *Early v. County of Durham Dep't of Soc. Servs.* (*Early I*), 172 N.C. App. 344, 616 S.E.2d 553 (2005). In pertinent part, that case addressed the termination of Early by DSS from her permanent position as a Child Support Agent on 14 December 2000. Early complied with DSS's internal grievance procedure, then on 19 February 2001 filed a motion for a contested case with the State Office of Administrative Hearings ("OAH"). At the initial hearing, an administrative law judge ("ALJ") made 73 findings of fact but recommended that DSS's decision to terminate Early be affirmed, ruling that Early was not protected by the "just cause" provisions of Chapter 126 of the North Carolina General Statutes because she was not a "permanent employee" of the state.

Upon Early's appeal of the ALJ's decision, the State Personnel Commission ("SPC") reversed and found that permanent county employees are protected by the "just cause" provisions of Chapter 126 and, as such, DSS lacked just cause to terminate Early. The SPC recommended that DSS reinstate Early with back pay and benefits and ordered, in the event of her reinstatement, that Early could petition for attorney fees, "which shall be awarded in any amount to be determined by the Commission upon receipt and consideration of a Petition for Attorney Fees and the required documentation."

DSS rejected the SPC recommendation, specifically rejecting the SPC's finding that there was no months-of-service prerequisite to appealing a termination under the State Personnel Act ("SPA") and, accordingly, the SPC's conclusion that OAH did not have subject matter jurisdiction to hear Early's claim. DSS affirmed its decision to terminate Early. On 29 May 2002, Early filed a petition for judicial review in Wake County Superior Court. On 11 July 2002, the superior court filed an order concluding that the reasons given by DSS for not adopting the entire recommendation of the SPC were without merit; that Early's discharge was not supported by substantial evidence; that her discharge was arbitrary, capricious, and an abuse of discretion; that DSS did not have just cause to terminate Early's employment; and that OAH had subject matter jurisdiction to hear Early's just cause claim. The court ordered DSS to reinstate Early, awarded back pay and benefits, and ordered that Early "may petition for attorney fees pursuant to N.C.G.S. 126-4(11) and 25 N.C.A.C. 1B.0414 and 1B.0438."

DSS appealed and the superior court's ruling was upheld by this Court on appeal. *See Early I* at 365, 616 S.E.2d at 557. Pertinent to the issues before us today, our ruling in *Early I* reaffirmed *McIntyre v. Forsyth County Dep't of Soc. Servs.*, 162 N.C. App. 94, 96-97, 589 S.E.2d 745, 747, *disc. review denied*, 358 N.C. 377, 598 S.E.2d 136 (2004), where this Court noted that N.C.G.S. § 6-19.1 authorizes a superior court to award attorney fees to the employee of a county Department of Social Services who has prevailed under the SPA. Although we indicated in *McIntyre* that fees were not available in SPA cases for services rendered prior to judicial review, *see id.* at 97, 589 S.E.2d at 747, N.C.G.S. § 6-19.1 has since been amended to permit such an award with respect to contested cases filed on or after 1 January 2001. *See* 2000 N.C. Sess. Laws ch. 190 §§ 1, 14. Thus, a trial court may award fees for representation during administrative proceedings. *See Early I* at 365, 616 S.E.2d at 567.

After initially granting discretionary review, the North Carolina Supreme Court concluded that review was improvidently allowed and dismissed DSS's appeal. *See Early v. County of Durham Dep't of Soc. Servs.*, 361 N.C. 113, 637 S.E.2d 539 (2006). On 11 January 2007, Early filed a motion with the Wake County Superior Court seeking attorney fees pursuant to N.C.G.S. § 126-4(11) and 25 N.C.A.C. 1B.0414 and 1B.0438, as well as N.C.G.S. § 6-19.1. Early's motion requested that the superior court order DSS to pay $21,898.26 to Early in fees for the period during which Early represented herself, and $16,232.60 to Early's attorney for fees incurred since her attorney was retained. On 29 January 2007, DSS reinstated Early and returned her to her former position.

On 5 February 2007, Early filed separate motions with the SPC for back pay, attorney fees, and an order requiring DSS to provide Early with documentation as to the amount of wages and benefits to which she would have been entitled had she not been wrongfully terminated. The SPC heard the motions on 16 February 2007. On 14 March 2007, DSS filed a response to Early's motion to compel back pay alleging that Early had failed to mitigate damages from 2003 to 2006, the period during which her initial claim of 'wrongful termination was being litigated and appealed. DSS's response also requested that the court refer the issue of back pay to OAH and the SPC. On 28 March 2007, the SPC entered an order recommending, pursuant to N.C.G.S. § 126-(4)(11) and 25 N.C.A.C.1B.0414 and .0438, that attorney fees be awarded to Early in the amount of $17,982.50. The SPC's order did not address the issue of back pay. On 30 May 2007, the SPC entered an

amended order, again recommending that DSS reimburse Early $17,982.50 in attorney fees. However, in its 22 June 2007 "final decision," DSS rejected the SPC's recommendation on the grounds that:

> It was error for the [SPC] to determine that [Early] is entitled to reimbursement of her attorney[] fees pursuant to N.C.G.S. § 126-4(11) and 25 N.C.A.C. 1B.0438 and .0414 [because] the North Carolina Court of Appeals decision . . . specifically . . . authorized the award of attorney fees pursuant to N.C.G.S. § 6-19.1 . . . [which] allows for an award of attorney fees in [SPC] cases only for services rendered on judicial review in superior court . . . not for services performed prior to judicial review . . . or proceedings in the appellate courts.

DSS's rejection of the SPC's recommendation further stated that:

> To obtain attorney fees for any representation before the [OAH] the fees would have to be awarded pursuant to [N.C.G.S.] § 126-4(11) and 25 N.C.A.C. 1B.0414 and 1B.0438.

> Attorney fees generated for representation before the North Carolina Court of Appeals or North Carolina Supreme Court would have to be awarded pursuant to North Carolina Appellate Rules of Procedure, Rule 34.

On 29 June 2007, Early filed a petition for judicial review of DSS's "final decision" alleging, among other things, that each of the determinations made in DSS's final decision, as discussed above, was affected by error of law. On 3 July 2007, Early filed a further petition for judicial review and motion in the cause requesting that the superior court remand the case to the SPC to determine the amount of back pay to which Early was entitled. Pursuant to N.C.G.S. § 150B-43, Early appealed DSS's rejection of the SPC's recommendation to the superior court. On 13 July 2007, the superior court held a hearing on Early's petition for judicial review. The court concluded as a matter of law that:

> 7. As a "prevailing party" in the judicial review of the administrative action, [Early] may be entitled to recover attorney fees pursuant to N.C.G.S. § 6-19.1.

> 8. The decision of the North Carolina Court of Appeals affirming Judge Hill's ruling on the attorney fees issue did not modify Judge Hill's order or otherwise change the nature of the relief granted

[Early] on the attorney fees issue. N.C.[G.S.] § 6-19.1 is the statutory section that gives courts the discretionary power to award attorney fees in certain civil actions, while N.C.[G.S.] § 126-4(11) gives the [SPC] the authority to set policies and rules governing the assessment of attorney fees in cases in which the [SPC] has concluded that a claimant is entitled to reinstatement and/or back pay. These two statutes are not inconsistent or mutually exclusive as they apply to a court's power to award attorney fees under the facts of this case, and the ruling of the Court of Appeals did not change or otherwise obviate [Early]'s ability to seek attorney fees . . . . Furthermore, [Early] did not need Judge Hill's specifically set forth permission or approval to seek attorney's fees pursuant to N.C.[G.S.] § 6-19.1 or N.C.[G.S.] § 126-4(11).

9. Based on full consideration of the record, the court concludes that [DSS] acted without substantial justification in pressing its claim against [Early], and that there are no special circumstances in this case that would make an award of attorney fees unjust.

10. Based on the statutory provisions set forth above, the process of "judicial review" of an administrative decision necessarily includes both the superior court review of that proceeding and any additional appellate review of the decision of the superior court.

. . . .

12. The court is to consider the time and labor expended, the skill required, the customary fee for like work, and the experience or ability of the attorney in finding facts pursuant to an exercise of its discretion to award attorney fees to a prevailing party.

Accordingly, the superior court ordered:

Based on the foregoing, [Early]'s third petition for judicial review is allowed. It is ordered that [DSS]'s final decision is reversed to the extent it denied [Early]'s motion for attorney fees for the services of Patrice Walker, Esq. It is hereby ordered that [Early] has thirty (30) [days] . . . to provide detailed records as to the number of hours expended . . . in pursuit of the judicial review po[r]tion of [Early]'s case . . . .

After Early submitted a clarification of the attorney fees exhibit, the superior court entered a supplemental order on 27 August 2007. In its order the court noted its consideration of the time and labor

expended, the skill required for this type of case, the customary fee for like work, and the experience or ability of the attorney in assessing attorney fees. Based on these considerations, the superior court concluded as a matter of law that the time expended, the different hourly rates set forth in the fee agreement, and the overall attorney fees were all reasonable and thus ordered that Early's attorney was "entitled to reasonable attorney fees in the amount of $22,876.00." The superior court referred the issue of back pay to the SPC. On 25 September 2007, DSS filed its notice of appeal.

[1] Initially we note that Early has filed two motions to dismiss DSS's appeal, arguing that the trial court's orders granting attorney fees were interlocutory and that, because our previous ruling in *Early I* confirmed the superior court's authority to award attorney's fees in this matter, DSS's current appeal is moot. We disagree.

> "A judgment is either interlocutory or the final determination of the rights of the parties." N.C. Gen. Stat. § 1A-1, Rule 54(a) (2005). "Interlocutory orders and judgments are those 'made during the pendency of an action which do not dispose of the case, but instead leave it for further action by the trial court to settle and determine the entire controversy.' Generally, there is no right of immediate appeal from interlocutory orders and judgments."

*Ward v. Wake County Bd. of Educ.*, 166 N.C. App. 726, 728-29, 603 S.E.2d 896, 899 (2004) (quoting *Carriker v. Carriker*, 350 N.C. 71, 73, 511 S.E.2d 2, 4 (1999)). In the case at bar, DSS entered a notice of appeal and responses to Early's motions to dismiss before the issue of back pay had been decided by the SPC. However, prior to the parties' oral argument before this Court, ALJ Melissa Owens Lassiter awarded Early $154,101.03 in back pay, and counsel for both parties indicated to this Court that the award has been paid. Thus our decision today will be the final disposition in this matter. As such, DSS's appeal is not interlocutory. Regarding Early's motion to dismiss this appeal as moot, we find that, because DSS's appeal in this case addresses the amount and appropriateness of attorney fees rather than the trial court's authority to award attorney fees which was the relevant issue on appeal in *Early I*, this appeal is not moot. Accordingly, we deny both motions to dismiss.

[2] On appeal, DSS argues (I) the trial court's orders awarding attorney fees pursuant to N.C.G.S. § 6-19.1 did not include the findings required under that statute, and (II) the superior court exceeded

its authority by awarding attorney fees pursuant to N.C.G.S. § 6-19.1 for legal services before this Court and the Supreme Court. As part of its first argument, DSS contends the superior court applied the incorrect standard in reviewing DSS's final decision. We will first address the proper standard of review and then the requirements of N.C.G.S. § 6-19.1.

When a superior court exercises judicial review over an agency's final decision, it acts in the capacity of an appellate court. *Mann Media, Inc. v. Randolph County Planning Bd.*, 356 N.C. 1, 12, 565 S.E.2d 9, 17 (2002); *Avant v. Sandhills Ctr. for Mental Health, Developmental Disabilities & Substance Abuse Servs.* 132 N.C. App. 542, 545, 513 S.E.2d 79, 82 (1999). Judicial review of a final determination of the SPC is governed by N.C.G.S. § 150B-51(b) which provides in pertinent part:

> [I]n reviewing a final decision, the court may affirm the decision of the agency or remand the case to the agency . . . for further proceedings. It may also reverse or modify the agency's decision . . . if the substantial rights of the petitioners may have been prejudiced because the agency's findings, inferences, conclusions, or decisions are:
>
> > (1) In violation of constitutional provisions; (2) In excess of the statutory authority or jurisdiction of the agency; (3) Made upon unlawful procedure; (4) Affected by other error of law; (5) Unsupported by substantial evidence admissible under G.S. 150B-29(a), 150B-30, or 150B-31 in view of the entire record as submitted; or (6) Arbitrary, capricious, or an abuse of discretion.

N.C. Gen. Stat. § 150B-51(b) (2007). Our Supreme Court has noted that grounds upon which the reviewing court may reverse or modify an agency's final decision may be categorized as either "law-based" or "fact-based." *N.C. Dep't of Env't & Nat. Res. v. Carroll*, 358 N.C. 649, 659, 599 S.E.2d 888, 894 (2004). The first four grounds listed in N.C.G.S. § 150B-51 may be characterized as law-based inquiries, while the final two grounds are characterized as fact-based inquiries. *Id.* In cases appealed from an administrative tribunal, questions of law receive *de novo* review, while questions of fact are reviewed under the "whole record test." *Id.* Thus, where a petitioner alleges that the agency's decision was affected by error of law, the reviewing court should engage in *de novo* review.

Under the *de novo* standard of review, the reviewing court should " 'consider the matter anew and freely substitute[] its own judgment for the agency's.' " *Id.* at 660, 599 S.E.2d at 895 (quoting *Sutton v. N.C. Dep't of Labor*, 132 N.C. App. 387, 389, 511 S.E.2d 340, 341 (1999)). However, the *de novo* standard set forth by the Supreme Court in *Carroll* does not mandate that the reviewing court make new findings of fact in the case. Instead, the court, sitting in an appellate capacity, should generally defer to the administrative tribunal's "unchallenged superiority" to make findings of fact. *Carroll* at 662, 599 S.E.2d at 896 (citing *Salve Regina College v. Russell*, 499 U.S. 225, 233, 113 L. Ed. 2d 190, 199 (1991)).

Under the whole record test, however, the reviewing court "may not substitute its judgment for the agency's as between two conflicting views, even though it could reasonably have reached a different result had it reviewed the matter de novo." *Carroll* at 660, 599 S.E.2d at 895 (quoting *Watkins v. N.C. State Bd. of Dental Exam'rs*, 358 N.C. 190, 199, 593 S.E.2d 764, 769 (2004)). Under this test a court must review all the evidence of record to determine whether the agency's findings have a "rational basis" in the record. *See In re Rogers*, 297 N.C. 48, 65, 253 S.E.2d 912, 922 (1979).

In the case at bar, the superior court did not make any new findings of fact during its review of DSS's final decision. However, the superior court's order repeatedly stated that it was "[b]ased on full consideration of the record." This wording suggests that the superior court applied both *de novo* review and the whole record test in reviewing DSS's final decision, leaving this Court unable to conclude that the superior court exercised the correct standard of review in regards to the attorney fees issue.

Our Supreme Court has held, however, that in cases where a superior court reviews an agency decision, the superior court's erroneous application of the appropriate standard of review does not automatically necessitate remand. *See, e.g., Mann Media*, 356 N.C. at 15-16, 565 S.E.2d at 18-19 (declining to remand for proper application of the appropriate standard of review in the interests of judicial economy); *Brooks v. McWhirter Grading Co.*, 303 N.C. 573, 579-80, 281 S.E.2d 24, 28-29 (1981) (applying the appropriate provisions of N.C.G.S. § 150A-51 based on the nature of the errors alleged on appeal without considering the standards of review applied by the reviewing superior court and Court of Appeals). Because Early's petition for judicial review clearly alleged that DSS's determinations regarding attorney fees were affected by errors of law, this Court's obligation to

review for errors of law, *see* N.C.G.S. §§ 7A-27(b), 150B-52, "can be accomplished by addressing the dispositive issue(s) before the agency and the superior court" and determining how the reviewing superior court should have decided the case upon application of the appropriate standards of review. *Carroll* at 664-65, 599 S.E.2d at 898 (quoting *Capital Outdoor, Inc. v. Guilford County Bd. of Adjustment*, 146 N.C. App. 388, 392, 552 S.E.2d 265, 268 (2001) (Greene, J., dissenting), *rev'd*, 355 N.C. 269, 559 S.E.2d 547 (2002) (adopting the standard of review stated in dissenting opinion)).

Because Early's petition for judicial review of DSS's final decision alleged errors of law, the appropriate standard of review for the superior court under N.C.G.S. § 150B-51(b) should have been *de novo*. The dispositive issue in the appeal before the superior court was whether attorney fees could be awarded to Early by the SPC pursuant to N.C.G.S. § 126-4(11) and 25 N.C.A.C. 1B.0414 and .0438. We note here that DSS's final decision rejecting the SPC's recommendation misconstrued this issue. In its decision, DSS asserted that the SPC could not award legal fees pursuant to N.C.G.S. § 6-19.1 and that fees could be awarded in this case only by the superior court pursuant to N.C.G.S. § 6-19.1. However, our review of the record indicates the SPC's recommendation did not propose to award attorney fees under N.C.G.S. § 6-19.1. Instead, the SPC's recommended order cited N.C.G.S. § 126-4(11), 25 N.C.A.C. 1B.0414, and .0438 as authoritative. N.C.G.S. § 126-4(11) provides in pertinent part:

> Subject to the approval of the Governor, the State Personnel Commission shall establish policies and rules governing each of the following:
>
> . . . .
>
> (11) In cases where the Commission finds discrimination, harassment, or orders reinstatement or back pay whether (i) heard by the Commission or (ii) appealed for limited review after settlement or (iii) resolved at the agency level, the assessment of reasonable attorneys' fees and witnesses' fees against the State agency involved.

N.C. Gen. Stat. § 126-4(11) (2007). Pursuant to authority granted it by N.C.G.S. § 126-4(11), the SPC has promulgated 25 N.C.A.C. 1B.0414 and 25 N.C.A.C. 1B.0438. 25 N.C.A.C. 1B.0414 provides in pertinent part:

Attorney's fees may be awarded by the State Personnel Commission only in the following situations:

. . . .

(5) the grievant is the prevailing party in a final appeal of a Commission decision;

. . . .

Attorney's fees may be awarded when any of the above situations occur, either within the agency internal grievance procedure, in an appeal to the State Personnel Commission, or in an appeal of a State Personnel Commission decision.

25 N.C. Admin. Code 1B.0414 (August 2008). 25 N.C.A.C. 1B.0438 provides that:

The Commission shall award the reimbursement of legal fees and costs as follows:

(1) Attorney fees incurred in connection with the contested case proceeding before the Commission and the General Courts of Justice at a reasonable hourly rate based on the prevailing market rate but at a rate no higher than the fee agreement between the parties;

. . . .

Fees shall not be awarded unless requested by an attorney or the Petitioner and documented by an itemized, per activity, accounting of the hours expended, in addition to a copy of the fee agreement between the parties and any relevant receipts or other documentation of prior payment.

25 N.C. Admin. Code 1B.0438 (August 2008). Under N.C.G.S. § 126-4(11), the SPC has discretionary authority to enter an award of attorney fees for services rendered up to the SPC's final decision. *See N.C. Dep't of Corr. v. Harding*, 120 N.C. App. 451, 454-55, 462 S.E.2d 671, 674 (1995), *aff'd per curiam*, 344 N.C. 625, 476 S.E.2d 105 (1996), *subsequent appeal on other grounds*, 140 N.C. App. 145, 535 S.E.2d 402 (2000). Although advisory decisions by the SPC are not binding on the local appointing authority in appeals involving local government employees, *see* N.C. Gen. Stat. § 126-37(b1) (2007), the SPC's determinations regarding its authority under N.C.G.S. § 126-4(11) are entitled to considerable weight. *See MacPherson v. Asheville*, 283 N.C. 299, 307, 196 S.E.2d 200, 206 (1973). The authority of the su-

EARLY v. COUNTY OF DURHAM, DEP'T OF SOC. SERVS.

[193 N.C. App. 334 (2008)]

perior court judge when reviewing actions of administrative agencies is limited to affirming, modifying, reversing or remanding the decision of the agency. *Faulkner v. N.C. State Hearing Aid Dealers & Fitters Bd.*, 38 N.C. App. 222, 226, 247 S.E.2d 668, 670 (1978).

As discussed in *Early I*, the SPC, in its initial hearing of the matter, found that Early was discharged without just cause and recommended reinstatement with back pay and benefits. Subsequently, Early prevailed in her appeal of the SPC decision. Thus, based on its review of the case history, the SPC correctly found on remand that it had jurisdiction to assess attorney fees for the administrative portion of this case against DSS pursuant to N.C.G.S. § 126-4(11) and award such fees pursuant to 25 N.C.A.C. 1B.0414.

In regards to the SPC's award of attorney fees for the judicial review portion of this case pursuant to 25 N.C.A.C. 1B.0438, we note that there is no direct precedent indicating that the SPC may award attorney fees incurred during an appeal before either this Court or our Supreme Court. The language of 25 N.C.A.C. 1B.0438 provides however that the SPC "shall award . . . [a]ttorney fees incurred in connection with the contested case proceeding before the [SPC] and the General Courts of Justice." 25 N.C. Admin. Code 1B.0438. Article IV Section 5 of the North Carolina Constitution provides that "[t]he Appellate Division of the General Court of Justice shall consist of the Supreme Court and the Court of Appeals." N.C. Const. art. IV, § 5 (amended 1970); *see also* N.C. Gen. Stat. § 7A-5 (2007). As such, the language of 25 N.C.A.C. 1B.0438 could reasonably be interpreted to give the SPC jurisdiction to award attorney fees for the administrative and appellate work of Early's attorney in this case. However, we need not address this narrow issue for two reasons. First, DSS has not raised the issue of the SPC's interpretation of 25 N.C.A.C. 1B.0438 on appeal. Second, the superior court's order simultaneously affirmed the SPC's recommended order for attorney fees under N.C.G.S. § 126-4(11) and awarded attorney fees pursuant to N.C.G.S. § 6-19.1. As the superior court judge noted, "[t]hese two statutes are not inconsistent or mutually exclusive as they apply to a court's power to award attorney fees under the facts of this case." Accordingly, the superior court, reviewing the case *de novo*, should have found the SPC's conclusions of law sufficient to entitle Early to attorney fees for the administrative portion of this case and thus reversed DSS's rejection of the SPC recommendation. Because the superior court arrived at this result, we affirm this portion of its order.

**[3]** We turn now to DSS's contention that the superior court's award of attorney fees under N.C.G.S. § 6-19.1 did not include the proper findings. DSS argues that the superior court should have "[found] facts specially and state[d] separately its conclusions of law thereon," pursuant to N.C.G.S. § 1A-1, Rule 52(a)(1) (2007). In the alternative, DSS contends that its rejection of the SPC decision was justified and therefore the superior court's order awarding fees under N.C.G.S. § 6-19.1 was error. We find no merit in either argument.

We will first address the issue of whether DSS rejected the SPC's recommendation without substantial justification. N.C.G.S. § 6-19.1 provides that:

> In any civil action, other than an adjudication for the purpose of establishing or fixing a rate, or a disciplinary action by a licensing board, brought by the State or brought by a party who is contesting State action pursuant to G.S. 150B-43 or any other appropriate provisions of law, unless the prevailing party is the State, the court may, in its discretion, allow the prevailing party to recover reasonable attorney's fees, including attorney's fees applicable to the administrative review portion of the case, in contested cases arising under Article 3 of Chapter 150B, to be taxed as court costs against the appropriate agency if:
>
> (1) The court finds that the agency acted without substantial justification in pressing its claim against the party; and
>
> (2) The court finds that there are no special circumstances that would make the award of attorney's fees unjust.

N.C. Gen. Stat. § 6-19.1 (2007) (amended 2001). In order to award attorney fees under this statute a court must find that: (1) the petitioner is the prevailing party; (2) the agency acted without substantial justification; and (3) there were no special circumstances making the award of attorney fees unjust.

Upon its review of DSS's decision, the superior court's determination that DSS acted without "substantial justification" is a conclusion of law and is reviewable by this Court on appeal. *See Whiteco Indus. v. Harrelson*, 111 N.C. App. 815, 819, 434 S.E.2d 229, 232-33 (1993), *disc. review denied*, 335 N.C. 566, 441 S.E.2d 135 (1994). It is proper for this Court to consider the entire record in our determination of whether "substantial justification" existed. *Williams v. N.C. Dep't of Env't & Nat. Res.*, 166 N.C. App. 86, 89, 601 S.E.2d

231, 233 (2004), *review denied*, 359 N.C. 643, 614 S.E.2d 925 (2005). For purposes of our review, "[t]he trial court's findings of fact are binding on appeal if there is evidence to support them, even though evidence might sustain findings to the contrary." *Tay v. Flaherty*, 100 N.C. App. 51, 56, 394 S.E.2d 217, 220, *disc. review denied*, 327 N.C. 643, 399 S.E.2d 132 (1990). In the context of N.C.G.S. § 6-19.1, substantial justification means "justified to a degree that could easily satisfy a reasonable person." *Crowell Constructors v. State ex rel. Cobey*, 342 N.C. 838, 844, 467 S.E.2d 675, 679 (1996). The burden to show substantial justification is on the state agency. *See Williams* at 90, 601 S.E.2d at 233. The agency must demonstrate that its position at and from the time of its initial action was rational and legitimate to such a degree that a reasonable person could find it satisfactory or justifiable in light of the circumstances then known to the agency. *See id.*

For purposes of determining "substantial justification" our review of the entire record includes our findings in *Early I*, as well as DSS's final decision rejecting the SPC recommendation. In light of DSS's misconstruction, in its final decision and brief, of both the SPC recommended order and our holding in *Early I*, as well as DSS's persistent opposition at every level to Early's attempted receipt of the attorney fees to which she was entitled, we conclude there was no substantial justification for DSS's rejection of the SPC recommended order. As such, under N.C.G.S. § 6-19.1 and our holding in *Early I*, the superior court's order awarding attorney fees for the judicial review portion of this case was appropriate in substance. We turn now to DSS's argument regarding the appropriateness of the order's form.

Under our past interpretations of N.C.G.S. § 6-19.1, the only findings required under N.C.G.S. § 6-19.1 are those listed in the statute and discussed *supra*, as well as such necessary findings of fact " 'as to the time and labor expended, the skill required, the customary fee for like work, and the experience or ability of the attorney.' " *N.C. Dep't of Corr. v. Myers*, 120 N.C. App. 437, 442, 462 S.E.2d 824, 828 (1995). Here, DSS contends that the court erred by not including in its order a written list of specific findings supporting its assessment of attorney fees. Other than merely pointing to Rule 52, however, DSS's brief cites no authority for this contention. N.C.G.S. § 1A-1, Rule 1 provides in part that the Rules of Civil Procedure "shall govern the procedure in the superior and district courts . . . in all actions and proceedings of a civil nature *except when a differing procedure is prescribed by statute*." N.C. Gen. Stat. § 1A-1, Rule 1 (2007) (empha-

sis added). N.C.G.S. § 6-19.1 prescribes the procedure to be followed for awarding attorney fees in a very specific setting. This procedure is to be followed by a court:

> In any civil action, other than an adjudication for the purpose of establishing or fixing a rate, or a disciplinary action by a licensing board, brought by the State or brought by a party who is contesting State action pursuant to N.C.G.S. § 150B-43 or any other appropriate provisions of law, unless the prevailing party is the State . . . .

*Id.* Rule 52(a)(1) of the North Carolina Rules of Civil Procedure, on the other hand, is a more general provision. This Court has held that Rule 52(a)(1) is inapplicable to a hearing on petition for attorney fees where an "action" was already in existence, requiring a petition for judicial review to be characterized as a motion for a court order pursuant to Rule 7(b)(1). *Tay* at 54-55, 394 S.E.2d at 219; *Carswell v. Hendersonville Country Club, Inc.*, 169 N.C. App. 227, 231, 609 S.E.2d 460, 463 (2005); *see also Markham v. Swails*, 29 N.C. App. 205, 208, 223 S.E.2d 920, 922 (1976), *review denied*, 290 N.C. 309, 225 S.E.2d 829 (1976).

Here, the superior court, in its order entered 13 July 2007, found that "based on a full consideration of the record, . . . [DSS] acted without substantial justification in pressing its claim against [Early] and that there are no special circumstances in this case that would make an award of attorney[] fees unjust." Furthermore, the superior court ordered that Early "provide detailed records as to the number or hours expended in the judicial portion" of the case. Only after consideration of these records, in addition to its findings as to time and labor expended, skill required, the customary fee for like work, and the experience or ability of Early's attorney did the superior court enter its supplemental order awarding attorney fees. In light of the facts presented in the record, we conclude that the superior court's findings, along with its supplemental order, satisfied the prescribed procedure of N.C.G.S. § 6-19.1.

Finally, DSS argues that the superior court exceeded its authority by awarding attorney fees pursuant to N.C.G.S. § 6-19.1 for legal services before this Court and our Supreme Court. DSS contends that a superior court does not have jurisdiction to award attorney fees for legal services provided in the appellate courts. However, this argument does not account for the procedural and factual context of this case and DSS has overstated the issue.

**EARLY v. COUNTY OF DURHAM, DEP'T OF SOC. SERVS.**

[193 N.C. App. 334 (2008)]

The purpose of N.C.G.S. 6-19.1 is to "curb unwarranted, ill-supported suits" asserted by the State. *Crowell Constructors* at 844, 467 S.E.2d at 679. While the statute does not require the agency to demonstrate the infallibility of each suit it initiates, *see id.*, N.C.G.S. 6-19.1 specifies that the award of attorney fees to the prevailing party under this statute is within the discretion of the reviewing judge upon his or her conclusion that certain criteria are present. *Tay* at 57, 394 S.E.2d at 220. Decisions within the discretion of the trial judge will be reviewed on appeal only upon a showing that the trial judge abused his discretion. *See id.* "An abuse of discretion occurs where the ruling of the trial court could not have been the result of a reasoned decision." *May v. City of Durham*, 136 N.C. App. 578, 582, 525 S.E.2d 223, 227 (2000).

While ordinarily the superior court does not have authority to award attorney fees incurred on appeal, here the superior court was not acting in its capacity as a trial court, but rather as an appellate court, reviewing this case *de novo*. The superior court acquired jurisdiction to award attorney fees when Early petitioned for review of the final agency decision pursuant to N.C.G.S. § 150B-43, but this action arose from our remand of the issue of attorney fees in *Early I*. We have narrowly held that a superior court, upon this Court's remand of the issue of attorney fees, may award attorney fees incurred by a prevailing party on appeal pursuant to N.C.G.S. 6-19.1. *Harding* at 455-56, 462 S.E.2d at 674. Furthermore, this Court has stated that a superior court has jurisdiction to interpret N.C.G.S. § 6-19.1 and "award attorney fees before final disposition of the case when reviewing the agency action *de novo*." *McIntyre* at 98, 589 S.E.2d at 748 (reciting the holding in *Able Outdoor v. Harrelson*, 341 N.C. 167, 170, 459 S.E.2d 626, 628 (1995)).

In the case at bar, the superior court's award of attorney fees pursuant to N.C.G.S. § 6-19.1 occurred before the issue of back pay had been resolved and thus before the final disposition of the case. Furthermore, the superior court was reviewing DSS's decision *de novo* and acting under authority specifically enunciated by this Court in *Early I*. Because sufficient evidence existed to support the superior court's findings that DSS acted without substantial justification and no special circumstances made the award of attorney fees unjust, as discussed *supra*, DSS has failed to show that the superior court abused its discretion in awarding attorney fees pursuant to N.C.G.S. § 6-19.1. Therefore, this assignment of error is without merit.

MEZA v. DIVISION OF SOC. SERVS.

[193 N.C. App. 350 (2008)]

Affirmed.

Judges BRYANT and ELMORE concur.